Hauser and another vs. The State of Wisconsin.

══════

HAUSER and another vs. THE STATE OF WISCONSIN.

CERTIORARI: (1, 3) *When the proper remedy.* (4) *When quashed.*
MUNICIPAL COURT OF MILWAUKEE: (2) *Its jurisdiction in criminal actions for libel.* (4) *How its decisions reviewed.*

1. It is well settled in this state that upon *certiorari* to an inferior court which proceeds according to the course of the common law (whether one of record or otherwise), only those errors or defects which go *to the jurisdiction* of such court will be reviewed.
2. The municipal court of Milwaukee has jurisdiction to hear, try and determine *criminal prosecutions for libel;* and this includes jurisdiction to hear and determine motions to quash informations for libel, and to determine *whether the information* in a given case *charges the accused with a criminal offense* of that character.
3. Where the libel charged was against a corporation, the question *whether a corporation can be the object of a criminal libel,* was within the jurisdiction of such court to determine, and its decision thereof cannot be reviewed on *certiorari,* but only on appeal or writ of error.
4. In this case, a *return to the writ* having in fact been made and being before the court (though such writ was not made returnable until a subsequent term), and no jurisdictional defect in the proceedings in the court below being shown, a motion to quash the writ is granted.

CERTIORARI to the Municipal Court of the City and County of *Milwaukee:*

Hauser and another vs. The State of Wisconsin.

*Jenkins & Elliott* and *Palmer, Hooker & Pitkin,* for the motion to quash the writ.

*J. F. McMullen* and *Geo. W. Lakin, contra,* argued that an actionable libel is not indictable unless the civil action will lie upon it without any averment of special damage (Wharton's Cr. Law, § 2533 ; 2 Starkie on Libel & Slander (ed. of 1843) *211, *212 ; Cook on Defamation, 129 ; *King v. Roberts,* Holt's Dig. Law of Libel, 89) ; that an action for libel can never be maintained by a *private corporation* without showing special damage (*Shoe & Leather Bank v. Thompson,* 18 Abb. Pr. R., 413 ; *Trenton Ins. Co. v. Perrine,* 3 Zab., 402) ; that consequently a libel against a private corporation is never indictable ; that the gist of libel as a misdemeanor is *malice,* and malice cannot be predicated as existing either on the part of or against a mere legal entity such as a corporation of that kind is ; that libels against *government* have been held indictable as tending to *sedition,* but this reason is not applicable to the case of a private corporation ; and that there is not a case of indictment for libel sustained as against a private corporation, in any report, English or American. (*Mr. Larkin* also contended that the criminal action for a libel even against a natural person is obsolete in this state.) 2. The municipal court has, by statute (P. & L. Laws of 1859, ch. 199, sec. 1), power " to hear, try and determine cases of *crimes and misdemeanors.*" But the matters set forth in the information, even though stated in the fullest manner and with the nicest technical precision, do not constitute any crime or misdemeanor, either by statute or common law ; and therefore the court had no·jurisdiction. And it could not give itself jurisdiction by erroneously deciding that the subject matter alleged was a crime or misdemeanor. 2 Bouvier's Inst., § 2901 ; *Whitney v. Brunette,* 15 Wis., 61, 70 ; *Pollard v. Wegener,* 13 id., 569 ; *In re Booth,* 3 id., 1 ; *In re Booth & Ryecraft,* id., 157. One of the offices of the writ of *certiorari* is to procure in the higher court the quashing of an indictment where " the prosecution appears to be for a matter

not properly criminal." 2 Hawkins P. C., ch. 27, § 27; *Ne-huff's Case*, 1 Salk., *151; 1 Chitty Cr. Law, 371, 373; Stephen's Cr. Law, 161.

LYON, J.    An information was duly filed in the Milwaukee municipal court, by the district attorney, against the petitioners, charging them with having published a certain false, scandalous and malicious libel upon the " School Sisters of Notre Dame," a corporation created by and existing under the laws of this state.

The petitioners moved the municipal court to quash such information, for the reason (among others) that the publication of a libel upon a corporation is not a criminal offense.    The court overruled such motion, whereupon the petitioners applied to a justice of this court to allow a writ of *certiorari* to the municipal court, to bring up the record of the proceedings in that court against the petitioners, for review by this court.    The writ was allowed, issued and served, and due return has been made thereto.

The district attorney, on behalf of the state, now moves to quash or supersede the writ.

It is well settled by numerous adjudications of this court, that, in this state, upon *certiorari* to an inferior court, the court out of which the writ issues will only inquire into errors or defects which go to the jurisdiction of the court below, and for all other errors or irregularities the party aggrieved must resort to his remedy by appeal or writ of error.    The rule has been more frequently applied where the writ has been sent to a justice of the peace, but is equally applicable to any case where the writ issues to a court which proceeds according to the course of the common law, whether of record or otherwise. The existence and binding force of this rule were freely admitted by at least one of the learned counsel for the petitioners, on the argument of this motion.

Granting, for the purposes of the argument, that a corporation cannot be the object of a criminal libel, and that the

municipal court erred in holding to the contrary, the question to be determined is, whether such error is jurisdictional.

The municipal court has jurisdiction to hear, try and determine criminal prosecutions for libels. This necessarily includes jurisdiction to hear and determine motions to quash informations therefor, and to determine whether the information, in a given case, does or does not charge that the accused has committed a criminal offense. In this case the municipal court had jurisdiction of the persons of the petitioners, and, in a regular proceeding in the case, it determined that the information charges that the defendants published a criminal libel. Conceding this determination to be erroneous, is the error a jurisdictional one? It may be so in the sense that no court has jurisdiction to make a wrong decision; but is it a jurisdictional error in that sense which will authorize this court to review and correct it on *certiorari*? It is not perceived that this case differs in principle from any other criminal prosecution in which the indictment or information fails, for any reason, to show, by apt and proper averments, that a criminal offense has been committed; or from a civil action, the complaint in which fails to state facts sufficient to constitute a cause of action. Should the court hold erroneously that the indictment or information charges a criminal offense, or that the complaint states a cause of action, if it has jurisdiction of the person of the defendant and of the subject matter of the action, it will not be claimed that, as a general rule, the supervisory court will review the case and correct the error on *certiorari*. And why not? Plainly because the error is not a jurisdictional one. Suppose a complaint fails to state a cause of action, and an objection to the admission of any testimony under it is erroneously overruled. Will it be claimed that such error can be corrected on *certiorari*? Of course not. And yet there is no element of jurisdiction or want of jurisdiction involved in the alledged error in this case, that is not also involved in the case supposed.

That the alleged error upon which this writ of *certiorari* is predicated, is not a jurisdictional one, seems to have been settled by the decision of this court in *Arnold v. Booth*, 14 Wis., 180. The action was replevin, brought to recover property seized on execution issued upon a judgment obtained in a federal court for a penalty under the fugitive slave act, which act this court had theretofore held to be unconstitutional and void. *Booth's Case*, 3 Wis., 1. The argument there was, that the only authority for maintaining the action at all was derived from the act; that the act was void; and hence, that the federal court had no jurisdiction of the subject matter of the action, and its judgment was void. If the federal court had jurisdiction in that case, most assuredly the municipal court had jurisdiction in the present case. Indeed that case is a stronger one than this, in favor of the petitioners; for this court had solemnly adjudged that the fugitive slave act was void, but it has never yet adjudged that a criminal prosecution cannot be maintained for a libel upon a corporation.

The court held, however, that, although the federal court erred in giving judgment under the act, still the error did not go to the jurisdiction of that court, and its judgment was valid until reversed by competent authority. The reasoning of Mr. Justice COLE, who wrote the opinion, is satisfactory to my mind, and I fully concur in the conclusion which my associates reached in that case. The case was once argued here while the late Chief Justice WHITON and Mr. Justice SMITH were members of this court, and I am informed by my associate Justice COLE, who was also at that time a member of the court, that in an informal consultation after the argument, both of them expressed the opinion that the judgment of the federal court was valid, and must be so held by this court notwithstanding it had held that the act, upon which alone the judgment depended for its validity, was unconstitutional and void. The case was not formally decided at that time, however, and the death of one of these eminent men, and the retirement of the other from the

Hauser and another vs. The State of Wisconsin.

bench, rendered a reargument necessary. The late Mr. Justice PAINE took no part in the decision, having once been of counsel in the cause.

Further discussion seems unnecessary. We conclude, as the court did in principle, at least, in *Arnold v. Booth*, that the question arising upon the record is not really one going to the jurisdiction of the municipal court, but is whether, in fact, the petitioners are charged in the information with having published a criminal libel. They claim that they are not thus charged, while the counsel who represent the state claim, and the municipal court holds, that they are thus charged. Upon this writ, and in this proceeding (as we have endeavored to show), this court cannot properly decide the controversy. We therefore refrain from expressing or intimating an opinion upon its merits.

The writ of *certiorari*, although actually returned, is not made returnable until the next term of the court, and there was some conversation on the argument concerning the correct practice in such a case. The practice books cited in the brief of counsel for the state seem to agree that " if the writ be misdirected or otherwise bad in point of law, the court will order it quashed, if before them, or, if not returned, will grant a *supersedeas*."

*By the Court.*— The motion to quash the writ is granted, and the cause remitted for further proceedings according to law.

A motion for a rehearing was denied.