## Martin vs. The State.

*Change of venue in criminal actions.*

Under secs. 1 and 2, ch. 178, Tay. Stats., (p. 1936), where the defendant in a criminal prosecution has obtained a change of venue for the cause mentioned in *either* of those sections, he cannot have another change either for the same cause or for that mentioned in the *other* section.

CERTIORARI to the Circuit Court for *Walworth* County.

*Martin* was tried at the October term, 1870, of the Racine county circuit court, upon an indictment for the murder of one West, and was found guilty of manslaughter in the second degree; but the verdict was set aside, and a new trial ordered, on the ground that one of the jurors was not impartial. The place of trial was then changed to the circuit court for Walworth

Martin vs. The State.

county, on *Martin's* petitition, upon the ground that the people of Racine county were so prejudiced against him that he could not have a fair and impartial trial in that county. At the September term of the Walworth circuit court, he was again tried, and a verdict of "guity of murder in the first degree" found against him. The case being reported to the supreme court, under the statute, it was here held that the accused could not be convicted, under such indictment, of any higher grade of crime than that of which he was found guilty upon the first trial. *The State v. Martin*, 30 Wis., 216. This decision being duly certified to the judge of the Walworth circuit court, an order was there made for a new trial. Thereupon *Martin* presented to said court his written petition, duly verified, for a change of venue to some county outside of the first judicial district on the ground of the prejudice of the judge of said circuit against the petitioner. The petition in question is not on file in this court; but in the application for a *certiorari* it is stated that the petitioner averred therein "that he verily believed that he could not have a fair trial of said cause in that judicial circuit on account of the prejudice of the judge thereof; that the petitioner had been advised and verily believed that said circuit judge became prejudiced against him at the last trial of said cause, and then formed the opinion that the petitioner was guilty of some grade of the offense wherewith he stood charged; and that such prejudice was not known to the petitioner in time to make said application at any former term of said court."

The circuit court denied the application; and this court, on the petition of *Martin*, granted a writ of *certiorari* to bring up such decision for review.

*D. H. Johnson*, for plaintiff in error. [No brief on file.]

*The Attorney General*, for the state, argued, 1. That the petition for a change of venue failed to state facts showing the existence of prejudice on the part of the judge. Tay. Stats., ch. 178, sec. 2. (1.) The statement that the judge "became prejudiced against this defendant at the trial of this cause in

this county, and *then* formed the opinion," etc., does not show prejudice existing in the mind of the judge *at the time when the petition was filed.* (2.) Prejudice is defined to be "an opinion or decision of mind, formed without due examination of the facts or arguments which are necessary to a just and impartial determination ;" "a decision beforehand, a leaning in favor of one side of a cause for some reason other than its justice." Webster's Dic.; Bouv. Law Dic.; 2 Wis. 397, 405. The opinion of a judge formed upon the trial of a cause, and based upon the evidence and arguments, is not a prejudice. 2. That the defendant is entitled under the statute to but one change of venue, where the application is made after verdict.

COLE, J.   The only question raised by the writ of *certiorari* and discussed by counsel is, whether the defendant, who obtained a change of venue from Racine county to Walworth county because a fair and impartial trial could not be had in the county where the offense was committed, is entitled to another change on account of the prejudice of the judge of the court where the cause is pending.   This depends upon the construction and meaning of the provisions of ch. 178, R. S., regulating the change of venue in criminal cases.

The first section of this chapter in substance enacts, that all criminal cases shall be tried in the county where the offense was committed, except where otherwise provided by law, unless it shall appear to the satisfaction of the court, by affidavit, that a fair and impartial trial cannot be had in such county ; in which case the court before whom the cause is pending, if the offense charged in the indictment be punishable by imprisonment in the state prison, may direct the person accused to be tried in some adjoining county, were a fair and impartial trial can be had ; "*but the party accused shall be entitled to a change of venue but once and no more.*"

The second section declares that any defendant in an indictment found may apply for a change of venue on account of the

prejudice of the judge of the court where such indictment is found, in the manner provided by law for a change of venue in civil actions, and it shall be the duty of the judge or court to which such application is made, to award such change of venue: "*provided, that not more than one change of venue shall be award-ed in any cause.*"

It seems to us that the language used in each section indi-cates in the clearest manner an intention on the part of the legislature to give the defendant only one change of venue in a criminal cause. The statute does not give him the right to one change for the reason that a fair and impartial trial cannot be had in the county where the offense was committed, and then another change for the prejudice of the judge. Any such construction would do great violence to the language used in each section, which plainly limits the right of the accused to a single change. It will be noticed that in the first section it is provided that the accused shall be entitled to a change of ven-ue but once and no more ; while in the second section, as if through abundant caution, the restriction is repeated in more comprehensive words, " that not more than one change of ven-ue shall be awarded in any cause." We do not well perceive how the intention of the legislature to limit the accused to a single change for any cause could be made more plain and man-ifest than by the repetition of this restrictive language. But the counsel for the plaintiff in error, as we remember his argu-ment — for we do not find his brief on file, and, therefore have to trust to our recollection upon this point,— insists that the lim-itation in each section was only intended to apply to an ap-plication for a change for the reason stated in such section ; that is, that its object was to limit the right to one change of venue for the prejudice of the people, and one change on ac-count of the prejudice of the judge. But this we deem an in-admissible construction. The language is not that the accused shall be entitled to one change and no more for or on account of the prejudice of the people of the county where the offense

was committed, and to one change for or on account of the prejudice of the judge. In order to give the statute this interpretation, words must be interpolated in each section which materially change the sense and meaning of such section. And it is needless to remark that to do this would be exercising a legislative rather than a judicial function. The statute is expressed in clear and precise terms, and the intention of the legislature is very manifest to limit the accused to a single change of venue. As he has already had one change under the first section, he was not entitled to a change of venue under the second, and his application therefor was properly denied.

The writ of *certiorari* was sued out to bring before this court for correction the ruling of the circuit court in denying the motion for a change of venue. This was the only error or exception alleged upon the record.

*By the Court.*—The order and decision of the circuit court in denying the application for a change of venue is affirmed, and the cause is remanded for further proceedings according to law.