## CHITTENDEN and others vs. THE STATE.

41 285
97 15

CERTIORARI. *(1) Whether it lies to circuit court. (2) What questions reviewable upon it.*
CHANGE OF VENUE. *(3) From municipal court to circuit court of same county.*

1. Whether *certiorari* will lie in any case to remove a cause from a circuit court to this court, before trial and judgment, *quære. Hauser v. The State*, 33 Wis., 678, and *Martin v. The State*, 35 id., 294, commented on.
2. Where a criminal information, prosecuted in the circuit court of a certain county, charges that the act complained of was committed in such county, neither the circuit court nor this court upon *certiorari* to it, can treat the cause as one beyond the jurisdiction of such circuit court, on the ground that evidence taken at the preliminary examination shows the offense to have been committed in some other county; but that is a question of fact for the jury.
3. By ch. 136 of 1875, all laws regulating proceedings in circuit courts or by the judges thereof in criminal cases, are extended to the municipal court

of the city of Madison and county of Dane. By sec. 2, ch. 178, R. S., a change of venue for prejudice of the judge in any court in which a criminal action is commenced, is to be made "in the manner provided by law for a change of venue in civil actions." One of the provisions for a change of venue in civil actions is that found in sec. 60, ch. 117, R. S., viz., that where such a change is allowed for the prejudice of the *county judge,* the cause shall be removed to the circuit court of the same county. *Held,* that in a criminal action commenced in said municipal court, if a change of venue is demanded for prejudice of the judge, the cause may be removed to the circuit court for Dane county. *Stark v. McArthur,* 13 Wis., 184; *Geiser T. M. Co. v. Carter,* 30 id., 157.

CERTIORARI to the Circuit Court for *Dane* County.

The following statement is taken from the opinion of Mr. Justice COLE, as originally prepared:

"A criminal information was filed in the municipal court of the city of Madison, charging that the plaintiffs in error did, at the city of Madison, etc., on the 22d day of June, 1876, compose, print and publish in a certain newspaper called the 'Daily Commercial Times,' a false, wicked and malicious libel of and concerning one Jefferson C. McKenney, the assistant United States district attorney for the eastern district of Wisconsin, and imputing to him gross official misconduct. The plaintiffs in error, defendants below, made an application, founded on various affidavits, for a change of venue on account of the prejudice of the judge of the municipal court, asking that the cause be sent to Milwaukee county for trial; but the municipal court changed the place of trial to the circuit court for Dane county, the state assenting thereto. In the circuit court, the defendants made a motion to dismiss the information, for the reason that, if the offense charged was committed at all, it was not committed in the county of Dane, and that neither the municipal court in which the prosecution was originally commenced, nor the circuit court for Dane county, had any jurisdiction to try the offense with which they were charged in the information. The circuit court denied the motion to dismiss, and held the cause for trial. Thereupon the

defendants made application to this court for a writ of *certiorari*, and the writ was allowed by the chief justice at chambers. A return has been made to the writ, setting forth the record of the proceedings had in the cause in the municipal and circuit courts, including a certified copy of the information; and the return likewise contains a copy of the evidence taken on the preliminary examination before the committing magistrate. The state now moves to quash or supersede the writ, for the reasons, (1) That the writ was irregularly issued, in that it could be allowed only by the court; (2) That the petition does not show a case in which it was proper to award the writ; and (3) That upon the return it appears that the writ and stay of proceedings should be quashed or superseded.

*S. U. Pinney*, for the motion, argued that the office which it is sought to make the writ of *certiorari* serve in this case is not within the scope of the writ as a common-law process. Bac. Ab., "Certiorari," 162–164, 167, and cases there cited; Petersd. Ab., 214, 215, 231, 238–9, and cases there cited; 4 Black. Com., 320, 321; Burr. Law Dic., "Certiorari;" 2 Burr. Pr., 193–197, 247–254; 2 Tidd's Pr., 644, 675; *People v. Mayor*, 2 Hill, 9. This writ will not be allowed where there is a remedy by appeal or action, and will not lie to a court whose record can be reviewed on a writ of error (*People v. Covert*, 1 Hill, 674; id., 195; 5 id., 264; 2 Wend., 287; 4 Cow., 501, 536); it brings up for consideration only matters strictly of record (2 Hill, 9, 388; *Parks v. Boston*, 8 Pick., 218, 226; *Cook's Case*, 15 id., 234; *Wildy v. Washburn*, 16 Johns., 49; 5 Bin., 27; 10 Ohio, 345); application for it must be made to the court, and it cannot be allowed by a judge at chambers, except where it issues *ex debito justitiæ* and of course (*King v. Eaton*, 2 Term, 89, 90; *Munro v. Baker*, 6 Cow., 396; 6 Wend., 565; *People v. Supervisors*, 1 Hill, 195; *People v. Mayor*, 2 Hill, 9; id., 398); and as it cannot issue at the suit of the accused except on *cause shown to the court*, the writ was irregularly issued in this case, and should be

quashed for that reason alone.   2.  At the hearing of the writ, nothing can be considered but the *record* strictly so called; and, as applied to the inferior courts, none but strictly *jurisdictional* questions can be raised.   3.  The circuit court for Dane county is a *superior* court of general jurisdiction; and this court cannot bring before it the record of that court, except by writ of error or appeal.   The writ of *certiorari*, as applied to courts, can only go to such as are inferior in the *strict* sense of the term.   After creating the supreme and circuit courts, our state constitution declares that "the legislature may also vest such jurisdiction as shall be deemed necessary in municipal courts, and shall have power to establish *inferior* courts in the several counties, with limited civil and criminal jurisdiction."   Art. VII, sec. 2.   "A general superintending control over all *inferior* courts," with power to issue the writ in question, is given to the supreme court.   Art. VII, sec. 3. The circuit courts are given "original jurisdiction in all matters civil and criminal within the state, not excepted in the constitution, and not hereafter prohibited by law, and appellate jurisdiction from ALL *inferior courts* and tribunals, and a supervisory control over the same."   They have also granted to them the prerogative writs in nearly the same language as in the case of the supreme court.   Art. VII, sec. 8.   The legislature is required "to impose a tax on all civil suits commenced or prosecuted in the (1) municipal, (2) *inferior*, or (3) *circuit* courts."   Art. VII, sec. 18.   The legislature has power " to confer probate powers upon such *inferior* courts " as may be established in any county where the office of probate judge is abolished.   Art. VII, sec. 14.   In *Putnam v. Sweet*, 2 Pin., 342, Stow, C. J., says, that our circuit courts are "made by the constitution *superior* courts of record, and vested .... with greater powers than were probably ever before, in a free government, delegated to any one tribunal — the united powers of the English King's Bench, Common Pleas, Exchequer and Chancery."   In *Re Haney*, 14 Wis., 417, it is strongly inti-

mated that the circuit courts are not *inferior* courts of limited jurisdiction, within the meaning of the rule concerning the common-law *certiorari;* and it was there held that the proceeding in such a court, by virtue of its equity powers, could not be reviewed on this writ. See, also, *Peters v. Peters*, 8 Cush., 529; *Ex parte Watkins*, 3 Pet., 205; *Grignon's Lessee v. Astor*, 2 How., U. S., 341. The judgments of the circuit courts need not show jurisdiction on their face, but it is presumed. A writ of *certiorari*, however, is to be decided upon the *record;* and no allegations of fact are allowed, nor can issues of fact be awarded, *dehors* the record, either to impeach or to sustain the proceeding which is before this court on that writ. These considerations show how inappropriate in all cases, and ineffectual in most, such a writ would be, addressed to a court thus constituted. See further Bac. Ab., "COURTS," 626; *Kempe's Lessee v. Kennedy*, 5 Cranch, 184; *McCormick v. Sullivant*, 10 Wheat., 199; 17 Wend., 483, 485; *Harvey v. Tyler*, 2 Wall., 340; *Wadsworth v. Sibley*, 38 Wis., 484. 4. As to the question of jurisdiction, counsel argued, (1) That the facts in evidence before the examining magistrate showed a publication of the alleged libel in Dane county, although it may have been printed in Milwaukee county. (2) That the question whether the offense was committed in Dane county, was one of fact for the examining magistrate, and his finding was conclusive, unless reviewed by some direct proceeding. (3) That this question went to the merits, and was matter to be adjudged under the plea of "not guilty." 5. The law requiring the examining magistrate to reduce all the testimony taken before him to writing, and to certify and return it to the court before which the accused is bound to appear, is the same now as when the grand jury system was in force. It was designed to aid the district attorney and the grand jury in the further investigation of the case. It did not become a part of the record, if an indictment was found; and if a change of venue was had, it did not go to the court to

which the cause was sent for trial. In this case it lawfully remained with the examining magistrate, the municipal judge; and after the information was filed in the municipal court and a change of venue was awarded, the testimony on preliminary examination would not go with the information.

*James G. Flanders, contra:*

1. The writ was properly granted by the chief justice at chambers. *Hauser v. The State,* 33 Wis., 678; *Martin v. The State,* 35 id., 294. It may be presumed that the chief justice of this court has as much power at chambers as a circuit judge. R. S., ch. 116, sec. 4; *Baizer v. Lasch,* 28 Wis., 270. 2. By the constitution of this state (art. VII, sec. 3), the supreme court has a "general superintending control over all inferior courts," and has "power to issue writs of *habeas corpus,*   *   *certiorari,* and other original and remedial writs, and to hear and determine the same." By inferior courts, in this provision, are meant all courts inferior to the supreme court, including the circuit courts; as in sec. 8 the same words are used to describe all courts inferior to the circuit courts. 3. The cases cited to show that *certiorari* will not lie where a writ of error will lie, are all, it is believed, cases in which it was attempted, *after judgment,* to make the former writ perform the duty of the latter. The question here is, whether the plaintiffs in error shall be compelled to engage in a long and expensive trial upon an information filed in the municipal court of Dane county, when it appears, from the facts which are disclosed by the evidence upon the preliminary examination, and are conceded, that the offense charged, if any, was not committed within the jurisdiction of that court, and that in consequence neither that court nor the circuit court for Dane county has jurisdiction to try the cause. This court will look into the evidence sufficiently to ascertain whether the court below had jurisdiction. *People v. Goodwin,* 5 N. Y., 568; *People v. Metropolitan Police,* 39 id., 506; *People v. Assessors of Albany,* 40 id., 154; *People*

*v. Smith,* 45 id., 772; *People v. Van Alstyne,* 32 Barb., 131; *Carter v. Newbold,* 7 How. Pr., 166; *People v. Sanders,* 3 Hun, 16; *Rathbun v. Sawyer,* 15 Wend., 451; *Starr v. Rochester,* 6 id., 566; *People v. Martin,* 1 Parker, 187; *People v. Thompkins,* id., 224. 4. Even if it were true, in general, that *certiorari* would not lie from this court to the circuit court, that rule would scarcely apply to the present case, in which the circuit court has merely succeeded to the jurisdiction of the municipal court, which is clearly an inferior court. 5. The minutes of the preliminary examination are part of the record in this case. Tay. Stats., 1921, § 26; Bouvier's and Burill's Law Dics., "RECORD." 6. Counsel contended at length that upon the conceded facts shown by the preliminary examination, the alleged libel here in question was published in Milwaukee county, and not in Dane county. 7. A writ of *certiorari* will lie where the court refuses to grant a change of venue (*Martin v. The State, supra*); and of course, therefore, it will lie upon a refusal to grant a *proper* change of venue. In this case the venue was not changed to the proper county. The law establishing the municipal court of Dane county declared that the laws of the state providing for a change of venue in criminal cases should not apply to that court. Ch. 187 of 1873, sec. 4. It also gave that court *exclusive* jurisdiction of all criminal offenses within the city of Madison; so that under that law the circuit court could not possibly have had jurisdiction of this case. This statute was amended by ch. 136 of 1875, which provides that "all laws of the state regulating criminal proceedings *in circuit courts* are hereby extended to and over the municipal court of Dane county." It was held by the municipal court that the law regulating change of venue in criminal proceedings in circuit courts is a part of the laws "regulating criminal proceedings" in those courts. Sec. 2, ch. 178, Tay. Stats. (p. 1936), provides that "any defendant in an indictment found * * may apply for a change of venue * * in the manner provided

by law for a change of venue in *civil actions*, and it shall be the duty of the judge or court    *    *    to award such change of venue." As a law "regulating criminal proceedings in circuit courts," this section requires the change of venue in criminal actions to be made " to some county where the cause complained of does not exist," since that is the change required in civil actions in the same courts. Sec. 11, ch. 123, Tay. Stats. (p. 1425). And since it is only as it regulates the proceedings *in circuit courts* for a change of venue in criminal actions, that this section is extended to the Dane county municipal court, it follows that it requires such a change of venue, when made in that court, to be made to " some county where the cause complained of does not exist."' In this case the cause complained of exists in Dane county, and therefore the law required the venue to be changed to some other county. *State ex rel. Stark v. McArthur*, 13 Wis., 387. In that case, indeed, the court held that under sec. 60, ch. 117, R. S., a change of venue from the municipal court of Milwaukee county to the circuit court of the same county might be sustained. But that view is inapplicable here, (1) because that section has been repealed; and (2) because all the laws of the state relating to courts of record (including county courts) applied to the municipal court of Milwaukee county, whereas only laws relating to circuit courts apply to the Dane county municipal court.

COLE, J. The practice of issuing a common-law writ of *certiorari* for the purpose of removing a cause from the circuit court to this court before trial and judgment, was adopted in the cases of *Hauser and another v. The State of Wisconsin*, 33 Wis., 678, and *Martin v. The State*, 35 id., 294. It is proper, however, to state that in neither of those cases was the question as to the regularity or correctness of the practice discussed or questioned by counsel, and the point was passed *sub silentio* by the court. But the learned counsel for the

state now claims that the writ was improvidently awarded in those cases, as well as in the one at bar. He contends that the office which it was attempted to make the writ serve, is not within its scope and design as a common-law process, and that the writ cannot be used as a means to bring before this court for review any order or ruling of the circuit court made in a cause pending before it, before final judgment. After judgment, he contends that the proper remedy for correcting any error which may have occurred in the proceedings in the circuit court, is by a writ of error or appeal.

To our minds it is a serious question whether this position of counsel is not correct and in strict accord with the principles and rules of practice which govern proceedings in civil and criminal actions. It is obvious that the writ is resorted to in the present case as a mode of appeal from the decision of the circuit court refusing to dismiss all proceedings in the cause. And the question is, whether such a ruling can be brought before this court for review by a common-law *certiorari*. The circuit court is a court of general jurisdiction in civil and criminal matters, under the constitution; and it was proceeding in the action according to the course of the common law. If the court was proceeding in the cause without jurisdiction, the appropriate writ to be applied for from this court would seem to be the writ of prohibition, and not a common-law *certiorari*. It seems to us, if the writ is a proper process for correcting the alleged error of the circuit court in refusing to dismiss the proceeding, it might be resorted to at any stage of the cause to bring up for review any erroneous decision which that court might make. The great inconvenience which would result if such a practice is sanctioned, is too obvious to need comment. True, in the Hauser case the writ was sued out to review a decision of the municipal court of the city of Milwaukee refusing to quash an information for publishing a libel. In the Martin case the question was, whether the circuit court, under the circum-

stances, should have changed the place of trial. If the question of practice had been considered and settled by the court in those cases, we should feel bound by the adjudications. But it was not; and therefore, under the circumstances, the question of practice will be deemed an open one in this court. On account of the absence of the chief justice, no attempt will be made to settle the practice in this case. But we thought it advisable to make the suggestions we have, in order that the profession might not be misled by the above decisions, or infer that the practice was already definitely determined and settled in such cases.

With respect to the motion before us, if we assume that the writ was a proper process to bring up the record of the proceedings of the circuit court for review, as has been done, still we are of the opinion that the writ must be quashed.

In the Hauser case, Mr. Justice Lyon states the doctrine of this court as to what questions are raised by the writ, as follows: "It is well settled by numerous adjudications of this court, that in this state, upon *certiorari* to an inferior court, the court out of which the writ issues will only inquire into errors or defects which go to the jurisdiction of the court below, and for all other errors or irregularities the party aggrieved must resort to his remedy by appeal or writ of error." p. 680. It would seem evident that no broader scope can be given to the writ when it removes the proceedings of a court of general jurisdiction. It is only jurisdictional defects or errors which can be then inquired into.

The learned counsel for the defendants claims that the circuit court should have dimissed the proceedings because the evidence taken on the preliminary examination shows that no offense was committed in Dane county, and therefore neither the municipal nor circuit court had jurisdiction to try the cause. The information, however, very distinctly charges that the libelous article was composed, printed and published in Dane county, within the jurisdiction of these courts. Now,

whether or not the offense was committed as charged, is clearly a question of fact to be determined by a verdict of a jury upon evidence. If the defendants did not publish the libel in Dane county, this will be a good defense to the prosecution, but it does not affect the jurisdiction of the court. It seems to us unnecessary to spend time in considering this point. For it is obvious, if no offense was committed within the jurisdiction of the court, the jury will so find upon the proof, and acquit the defendants. It is suggested that the court can look into the evidence taken on the preliminary examination in order to ascertain whether the libel was published in Dane county, so as to determine the question of jurisdiction. But we know of no authority in law which will justify such a course. If the information charges with proper averments an indictable offense committed in Dane county — as it manifestly does, — this states an offense which the court had jurisdiction to try and determine.

But it is further insisted that the circuit court never acquired jurisdiction of the cause on the change of venue from the municipal court. The change was demanded on account of the prejudice of the judge of the municipal court, and it is insisted that it should have been sent for trial to another county. The argument in support of this position is this: The act establishing the municipal court (ch. 107, Laws of 1873) provides that the laws of the state relating to a change of venue in criminal cases and examinations shall not apply to the municipal court, and gives that court exclusive jurisdiction of all criminal offenses within the city of Madison. Section 4. This act was amended by chapter 22, Laws of 1874, and chapter 136, Laws of 1875. In the latter act it is among other things provided, that all " laws conferring powers of jurisdiction on or regulating proceedings in circuit courts or the judges thereof, in criminal proceedings, are hereby extended to and over the municipal court." This provision, it is claimed, makes only the laws relating to a change of venue in

criminal cases in *circuit* courts applicable to the municipal court; and it is said, had the application for a change been made to the circuit court on account of the prejudice of the judge, the cause must have been sent to another county for trial. The argument above stated is fully answered by the decisions of this court in *State ex rel. Stark v. McArthur*, 13 Wis., 384, and *Geiser Threshing Machine Co. v. Carter*, 31 id., 157. It is contended that the reasoning of the McArthur case is not in point, because, it is said, all laws of the state relating to courts of record applied to the municipal court of Milwaukee, while only the laws relating to *circuit* courts apply to the municipal court of Madison. It will be seen, however, that Mr. Justice PAINE places the decision in the McArthur case upon no such ground. The following extract from the opinion in the Geiser case will show our understanding of the decision in the McArthur case. " One of the questions presented for decision in the case of McArthur was, whether the municipal court of Milwaukee, on an application in a *criminal* case to change the place of trial on account of the prejudice of the judge, had authority to send the cause to the circuit court for Milwaukee county, or whether he was bound to send it to another county. The provisions of law upon the subject of the change of venue in criminal cases on account of the prejudice of the judge of the court where the indictment was found, declared that the change should be made '*in the manner provided by law for a change of venue in civil actions.*' Sec. 2, ch. 178, R. S. These provisions were of course applicable to the municipal court of Milwaukee in that class of cases, as well as to other courts having criminal jurisdiction. In looking, then, to see what the provisions were in regard to the change of venue in civil actions, we found enactments in different chapters which had to be construed together and harmonized as far as possible. Sec. 60, ch. 117, R. S., provided that in all cases where a change of venue is allowed for the reasons of interest or prejudice

on the part of the *county judge*, the cause should not be remitted to another county, but should be removed to the circuit court. This provision was held to be a part of the statute law relating to the change of venue in civil actions, and therefore the result of the various enactments was, ' that where the grounds for such change do not require another county, the change may be to another court in the same county having lawful authority to try the case.' And that principle was made applicable to a change of venue in a *criminal case* on account of the prejudice of the judge of the municipal court, because, as the statutes then stood, this was the ' manner provided by law for a change of venue in civil actions.' But the question before the court and really decided was, that when an application was made in a criminal case for a change of venue on account of the prejudice of the judge of the municipal court of Milwaukee, all the provisions concerning a change of venue in civil actions were to be regarded, as well those relating to a change from the *county courts* as those which refer to a change from the circuit courts, and that the result of all these various enactments was to authorize in *such a case* a change to the circuit court of the same county."

These remarks, it seems to us, afford a complete answer to the position of counsel that a distinction exists between the McArthur case and the one at bar so as to render the reasoning in the former inapplicable to the latter. For, in determining the power of the municipal court of Madison, under sec. 2, ch. 178, R. S., to change the venue in criminal cases, all the provisions concerning a change of venue in civil actions must be considered; as well those relating to a change from the county courts, as those which refer to a change from the circuit court. The result of this view is, that all the various enactments which authorize a change on account of the prejudice of the judge, apply to the municipal court of Madison. And § 85, ch. 117, Tay. Stats., provides that whenever a change of venue is allowed in any action pending in a county

court on account of prejudice on the part of the judge, the action shall be removed to the circuit court for the same county, unless it shall be made to appear that one of the objections in the section mentioned exists in respect to the judge of the circuit court. This disposes of the objection that the municipal court had no power to change the venue to the circuit court of Dane county.

We therefore think no case is shown for granting the writ of *certiorari*, even if it would lie to bring up for review the decision of the circuit court denying the motion to dismiss the proceedings. The writ having been returned, the motion to quash the same is proper, and must be granted. *The Hauser case, supra.*

*By the Court.*— The motion to quash the writ is granted, and the cause will be remanded for further proceedings according to law.