THE STATE VS. GRUNKE.

*May 8 — May 25, 1894.*

*Criminal law: Neglect to provide for wife: Jurisdiction of circuit court: Construction of statutes: Misdemeanor or felony? Constitutional law.*

1. Sec. 2, ch. 318, Laws of 1887, provides that the several county and municipal courts shall have concurrent jurisdiction with the circuit courts of the offense of neglecting to provide for a wife and minor children. Sec. 4 provides that if the accused is bound over for trial the record shall be transmitted to the county or municipal court, and the accused be ordered to appear before such court for trial. *Held,* that the two sections were not in conflict, and that sec. 4 did not prohibit the circuit court from exercising jurisdiction over the offense. The latter section is to be construed as directing that the record be transmitted to the county, municipal, *or circuit* court.

2. An act is not unconstitutional because it makes an offense a misdemeanor but provides an alternative punishment as for a felony; and the grade of the offense, in such case, is a question for construction.

REPORTED from the Circuit Court for *Sheboygan* County. The facts are stated in the opinion.

The cause was submitted for the plaintiff on the brief of the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and for the defendant on that of *D. T. Phalen.*

ORTON, C. J.    The defendant was arrested on the complaint of one Albert Hoehne, charging him with having unreasonably refused and neglected to provide for his wife and minor children, being of sufficient ability or able to earn the means of their support. He was brought before the judge of the municipal court of the city of Sheboygan for his examination, and on such examination he was bound over or held to the circuit court of Sheboygan county for trial. The defendant appearing in the circuit court, and

The State vs. Grunke.

having been personally arraigned on information for said offense, and having pleaded not guilty, a jury was duly impaneled and sworn to try the case. Thereupon the defendant's attorney moved the court to discharge the defendant on the grounds: First, that the statute providing for said offense and the trial thereof requires the defendant to be bound over to the county or municipal court of Sheboygan county, and that therefore the circuit court of said county has no jurisdiction of the case; second, that the act of the legislature, to wit, ch. 318, Laws of 1887, is unconstitutional. The case having been submitted to the jury on the conclusion of the testimony, the jury found the defendant guilty of the offense charged in the information; whereupon the judge of the court, deeming the question of law arising in the case so important as to require the decision of this court, has reported the case with the following question: "Has the circuit court of Sheboygan county jurisdiction to try the defendant for the offense charged in the information?"

This is a very broad and general question. We may well ask, Why not? What are the grounds on which the jurisdiction of the court is questioned? It may be that the learned judge of the circuit court had in mind only the reason stated by the counsel of the defendant as the ground of the above motion. That reason was that said statute required the defendant to be bound over or held for trial to the county or municipal court of the county, and not to the circuit court. Rather than to dismiss the report on account of the vagueness of the question, we will consider that as the true and only reason why the court had not jurisdiction of the case; that being the only reason appearing in the record.

Sec. 2 of the act provides that the several county and municipal courts shall have concurrent jurisdiction with the circuit courts of the offense, and shall be deemed open

at all times to hear, try, and determine all cases arising under this act. Sec. 4 provides that when, on such examination, the accused shall be bound over or held for trial, the record shall be forthwith transmitted to the county or municipal court, and the accused be ordered to appear before such court for trial, and the district attorney shall file information, etc. Do these sections conflict? The first clearly gives to the circuit courts jurisdiction over this offense with the county and municipal courts, and the other section does not take that jurisdiction away from the circuit courts. Then they do not conflict. Sec. 4 leaves the jurisdiction of the circuit court over this offense as sec. 2 has recognized or conferred it. The circuit courts are given original jurisdiction of all matters civil and criminal within the state, not excepted in the constitution, and not thereafter *prohibited* by law, by sec. 8, art. VII, of the state constitution. Sec. 4 of this act does not *prohibit* the circuit courts from having jurisdiction over this offense, and they therefore yet have it by the constitution. By the statute (sec. 2420, R. S.) the circuit courts " have the power to hear and determine, within their respective circuits, all cases of crimes and misdemeanors of every kind." Sec. 4 of this act does not alter, amend, or repeal this statute.

Ch. 162, Laws of 1851, creates or defines the misdemeanor of selling spirituous and intoxicating liquors, etc., and sec. 6 provides that " justices of the peace shall have power to hold a court to hear, try, and determine all offenses against or growing out of the provisions of this act and arising within their respective counties; provided that the accused party shall not be deprived of a jury trial nor of his right of appeal." *Allen v. State*, 5 Wis. 329, arose from an indictment for the above offense in the circuit court. The principal ground of demurrer to the indictment was that the circuit court had no original jurisdiction of the offense. This court held that the jurisdiction of

the circuit court of all matters civil and criminal within the state, conferred by the above provision of the constitution, was not prohibited or taken away by said act. Ch. 179, Laws of 1874, created the offense of keeping and maintaining a saloon or restaurant where intoxicating liquors are sold in violation of law. Sec. 6 gave justices of the peace jurisdiction to hear, try, and determine all cases arising under the act. In *Faust v. State*, 45 Wis. 273, there was a motion to quash the information in the circuit court under the above act, on the ground that the circuit court had no jurisdiction of the offense. It was held that the jurisdiction of the circuit courts, conferred by the above provisions of the constitution and by the general statutes, was not taken away by said act, and could not be without some express declaration excluding it.

These cases are in point. This section 4 contains no language giving exclusive jurisdiction to the county and municipal courts, or excluding or prohibiting that of the circuit courts. Construing sections 2 and 4 together, section 4 is, in effect, as if it read: "To the county, municipal, or *circuit court* of the county."

The brief of the defendant's counsel contains some other stray points not properly within the report. First, the act does not confer criminal jurisdiction on the "probate courts of the state," but on the *county* courts, and we are not referred to any part of the constitution that is violated by it. Second, the act does expressly provide for a jury trial in sec. 6. Third, the judge of the municipal court of the city of Sheboygan had authority to cause the arrest of the accused, and to take the examination as a "judge of a court of record," and the record states that a preliminary examination was had before him. Fourth, the act is not unconstitutional on the ground that it makes the offense a misdemeanor and fixes upon it the punishment of a felony. The act inaptly makes the offense a misde-

meanor, and makes an alternative punishment one year in the state prison. It is not perceived wherein the constitution is violated in this. It is a question of construction whether the offense is a misdemeanor or shall be deemed a felony.

*By the Court.*— The question is answered in the affirmative, and the cause remanded for further proceedings according to law.