WIEDEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 15—February 1, 1910.*

Criminal law: Concurrent jurisdiction of courts: Sunday: Keeping open shop.

1. The granting to other tribunals of jurisdiction over certain statutory offenses does not deprive the circuit courts of their constitutional jurisdiction over them, or court commissioners of their power to hold preliminary examinations in such cases, in the absence of unmistakable language in the statute showing such an intent.
2. An hotel keeper who uses a single room both for the hotel office and as a place for selling liquor and cigars is not guilty of keeping open his shop on Sunday, under sec. 4595, Stats. (1898), if on that day he wholly discontinues such sales and keeps the room open for use as such office only.

ERROR to review a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Reversed.*

Plaintiff in error was examined in due form before a circuit court commissioner on a charge of having violated sec. 1564, Stats. (1898), prohibiting any tavern keeper or other persons from selling, giving away, or bartering any intoxicating liquors on the first day of the week, and also of having violated sec. 4595, Stats. (1898), prohibiting any person from keeping open his shop on the first day of the week. He was in due form held for trial on both charges before the circuit court for Clark county. An information was duly filed containing, for a first count, the alleged violation of said sec. 1564 and, for a second count, the alleged violation of said sec. 4595. A plea in abatement was interposed, raising the question of whether the court commissioner had jurisdiction of the subject matter of holding the preliminary examination. The plea was overruled and one of not guilty entered.

The evidence, undisputed, was to the effect that the accused,

on the day in question and for some time prior thereto, kept a small hotel or boarding house, using one room for the double purpose of a hotel office and shop for selling intoxicating liquors and cigars. He testified that on Sundays the shop feature was wholly discontinued.

There was evidence tending to show that persons resorted to the place on the Sunday in question and were furnished with liquor of some kind, which they drank at the bar, being served by a person who sometimes assisted the accused, and that the latter was present. The court instructed the jury, there was not sufficient evidence to warrant a conviction of guilty on the first charge in the information, and, in respect to the second charge, that the room, when used for the common purpose of a boarding-house office and saloon, was a shop within the meaning of the statute, and if only a small part of the saloon stock was kept there on Sunday, that would make no difference, and further instructed, as follows:

"The testimony of the defendant is to the effect that the saloon was used as an office for the hotel and that there was no other convenient place for guests to sit. You are instructed that this fact would make no difference. If this was a saloon, a shop, it would be the duty of the defendant to keep it closed on Sunday as required by the statute. It would be no defense that there was no convenient place for the guests to sit or lounge. It is the policy of the law to keep such places closed on Sunday, and it would be no defense that the place was used also for other purposes than that of a saloon. . . . The statute requires such shops for the sale of goods to be kept closed. If the doors were open and persons congregated there and were permitted to transact business, it is not a closed place. The doors should be closed and the place kept shut. If it was a shop for the sale of liquor and tobacco on the day alleged, it was the duty of the defendant to keep it closed, and to use some other portions of the hotel for his guests."

A verdict of guilty under the second count was rendered, and judgment entered accordingly.

For the plaintiff in error there was a brief by *George L.*

*Jacques,* attorney, and *Homer C. Clark,* of counsel, and oral argument by *Mr. Clark.* To the point that in its instruction the trial court construed the statute too strictly, they cited *Comm. v. Collins,* 2 Cush. 556; *Comm. v. Lynch,* 8 Gray, 384; *Comm. v. Wright,* 12 Allen, 187; *Comm. v. Nagle,* 117 Mass. 142; *Comm. v. Dextra,* 143 Mass. 28, 8 N. E. 756; *Comm. v. Osgood,* 144 Mass. 362, 11 N. E. 536; *Comm. v. Perry* (Mass.) 11 N. E. 537; *Snider v. State,* 59 Ala. 64; *Dixon v. State,* 76 Ala. 89; *City Council v. Talck,* 3 Rich. Law (S. C.) 299; *Wetzler v. State,* 18 Ind. 35; 27 Am. & Eng. Ency. of Law (2d ed.) 397, 398; *Jebeles v. State,* 131 Ala. 41; *Miller v. State,* 68 Miss. 533; *Baxter, Petitioner,* 12 R. I. 13.

For the defendant in error there was a brief by the *Attorney General* and *Emery W. Crosby,* district attorney of Clark county, and oral argument by *Mr. Crosby.* In support of the charge of the court, they cited *People v. Waldvogel,* 49 Mich. 337; *People v. Blake,* 52 Mich. 566; *People v. Roby,* 52 Mich. 577; *People v. Cox,* 70 Mich. 247, 38 N. W. 235; *People v. Cummerford,* 58 Mich. 328, 25 N. W. 203; *Comm. v. White,* 190 Mass. 578.

MARSHALL, J. The contention on behalf of plaintiff in error, that a circuit court commissioner has no jurisdiction to hold a preliminary examination in a case of this sort, and bind the accused over for trial before the circuit court for the county where the offense is alleged to have been committed, and, therefore, the plea in abatement on that ground was improperly overruled, is ruled in the negative by *Faust v. State,* 45 Wis. 273; *State v. Grunke,* 88 Wis. 159, 59 N. W. 452.

Jurisdiction to hear all matters, civil and criminal, within this state is conferred on circuit courts by the constitution, and could not be taken away as to any such matter except by some unmistakable legislative language to that effect. Jurisdiction as to a particular class of offenses, in the sense of want of judicial power, could not be taken away by merely

conferring authority on some other tribunal to hear, try, and determine actions to punish for such offenses. So the mere fact that offenses of the character of the one involved here were created, and authority given to administer the law by prosecutions in justice's court, does not militate against the circuit courts exercising their constitutional jurisdiction in such cases, and, incident thereto, examining magistrates, such as court commissioners, holding preliminary examinations as in other criminal cases.

The instruction that, in case a person devotes one room in his building to the use of a hotel or boarding-house office and place for selling liquor and cigars, as is commonly done, it is not sufficient to comply with sec. 4595, Stats. (1898), to wholly discontinue the shop practice on that day, keeping open only for the office business; but that such compliance requires the actual closing up of the room on that day and use of some other room for an office, or dispensing with the office feature of the hotel or boarding-house business for the day— was erroneous. Neither the letter nor the spirit of the statute goes that far. For that reason the judgment must be reversed and a new trial granted; since the evidence is by no means conclusive that the room was kept open in its shop feature. On the contrary, the evidence so strongly indicates it was not that it is quite probable the jury, under proper instructions, might have found the accused not guilty.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.