State v. Fischer, 175 Wis. 69.

---

STATE, Plaintiff, vs. FISCHER, Defendant.

*September 23—October 7, 1921.*

*Criminal law: Jurisdiction of circuit courts: How curtailed: Inferior courts: Grand jury: Writ of prohibition.*

1. Under sec. 8, art. VII, Const., and sec. 113.03, Stats., the circuit court is a court with general jurisdiction to hear all matters, civil and criminal, within this state, and no portion of its jurisdiction can be deemed to have been taken away from it excepting only by unmistakable legislative language to that effect.

2. Ch. 18, Laws 1909, creating the municipal court of Kenosha county, though it gives that court jurisdiction to summon a grand jury and proceed with indictments, does not deprive the circuit court for Kenosha county of such jurisdiction.
3. A writ of prohibition is the proper and the only remedy that would afford adequate relief where an indictment has been returned to a court which had no jurisdiction to summon a grand jury and proceed by indictment.

PETITION for writ of *certiorari. Denied.*

For the plaintiff there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Frank S. Symmonds,* district attorney of Kenosha county, and *Mortimer E. Walker,* special assistant district attorney; and the cause was argued orally by *Mr. Messerschmidt* and *Mr. Walker.*

For the defendant there was a brief by *Cavanagh & Mittlestaed* of Kenosha, and oral argument by *R. P. Cavanagh.*

The following opinion was filed October 7, 1921:

PER CURIAM. In this case it is decided:

(1) That the writ of *certiorari* to review the orders of the circuit court for Kenosha county overruling defendant's motion to dismiss and quash the indictment presented by the grand jury against the above named defendant, was improvidently issued and must be quashed.

(2) That the circuit court for Kenosha county by indictment has jurisdiction of the offense charged against this defendant.

An opinion will be filed expressing the views of the court upon the question involved in this decision.

On October 18, 1921, the following opinion was filed:

Petition to this court for a writ of *certiorari* to review orders of the circuit court for Kenosha county, E. B.

BELDEN, Circuit Judge, presiding, dated September 1, 1921, overruling petitioner's motion to dismiss an indictment and overruling petitioner's motion to quash such indictment, for the reason that said circuit court for Kenosha county has no jurisdiction of the matter.

DOERFLER, J. At the regular March term in the year 1921 of the circuit court for Kenosha county, a grand jury having been summoned, impaneled, sworn, and charged to inquire for the state of Wisconsin did, on the 12th day of August, 1921, during said term, present an indictment containing four counts against the petitioner charging him with the unlawful sale of intoxicating liquors under sec. 1569—3, Stats. Petitioner was thereupon arraigned before said circuit court, pleaded not guilty to each of the counts of said indictment, and, among other things, moved to dismiss said indictment for the reason that the circuit court for Kenosha county has no jurisdiction in said matter. The motion of the petitioner was overruled, and he now seeks to have a review of the order of the circuit court by a writ of *certiorari* from this court.

During the argument of the matter before this court it was stipulated in open court, by the respective counsel for the parties, that if this court should be of the opinion that the matter could not properly and legally be determined upon a writ of *certiorari,* then and in that case the matter could be treated as though it were before the court upon a petition for a writ of prohibition.

We will first consider and determine the issue involved with respect to the jurisdiction of the circuit court.

Sec. 8, art. VII, Const., provides as follows:

"The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law."

Sec. 113.03, Stats., reads as follows:

"The circuit courts have the general jurisdiction prescribed for them by the constitution, and have power to issue all writs, process and commissions provided therein or by the statutes, or which may be necessary to the due execution of the powers vested in them. They have power to hear and determine, within their respective circuits, all civil actions and proceedings and all cases of crimes and misdemeanors of every kind, not exclusively cognizable by a justice of the peace or some other inferior court; and they have all the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and the full and complete administration of justice, and to carry into effect their judgments, orders and other determinations, subject to re-examination by the supreme court as provided by law. Said courts and the judges thereof have power to award all such writs, process and commissions, throughout the state, returnable in the proper county."

The circuit court, therefore, is a court with general jurisdiction to hear all matters, civil and criminal, within this state, and no portion of its constitutional or statutory jurisdiction can be deemed to have been taken away from it by the legislature excepting only by some unmistakable legislative language to that effect. *Wieden v. State,* 141 Wis. 585, 124 N. W. 509; *State v. Grunke,* 88 Wis. 159, 59 N. W. 452; *Faust v. State,* 45 Wis. 273; *Goyke v. State,* 136 Wis. 557, 117 N. W. 1027, 1126. So that it is clear from the provisions of the constitution and statutes above cited, and the interpretations of such provisions in the cases above referred to, that the circuit court for Kenosha county, at the time when the grand jury was summoned and while the proceedings were had under the indictment in question, had full and complete jurisdiction over the subject matter involved, unless said circuit court had been deprived of such jurisdiction by legislative enactment, clear and unmistakable in its import and in the language used.

State v. Fischer, 175 Wis. 69.

Ch. 18, Laws 1909, creating a municipal court in Kenosha county and defining its jurisdiction, etc., provides, among other things, as follows:

"Section 3. The municipal court of Kenosha county shall have and exercise powers and jurisdiction concurrent with and equal to the circuit court of Kenosha county in bastardy cases and in all cases of crimes and misdemeanors arising in said county, wherein the maximum penalty does not exceed five years in the state prison."

Under this section of the Kenosha act it is clear that no jurisdiction is taken away from the circuit court and that the jurisdiction of the municipal court in all cases of crimes and misdemeanors arising in said Kenosha county wherein the maximum penalty does not exceed five years in the state prison is concurrent with and equal to that of the circuit court.

Sec. 6 of said Kenosha act provides:

"Said judge and the several circuit court commissioners shall have exclusive jurisdiction to institute and conduct examinations in all criminal and bastardy cases arising within the county of Kenosha, and the power and jurisdiction to cause to come before him or them the persons so charged with committing bastardy or any criminal offense, within such county, and commit them to jail or bind them over for trial at the next term of said municipal court or to the circuit court as the case may require, and on a plea of guilty by the accused and a request by him to be sentenced, the said judge shall have power, authority and jurisdiction to sentence the accused for any offense except homicide."

Sec. 6 makes it clear that the object and purpose of creating the Kenosha municipal court was to relieve in a large measure the circuit court for Kenosha county and to divert a considerable portion of the business, which prior to that time had been sent to the circuit court, to the municipal court. So that, while the circuit court has not been deprived of any jurisdiction and while it has not had its juris-

diction curtailed, the legislature has seen fit, by means of the Kenosha act, to establish a new course which actions and proceedings must take, which, after having originated in the municipal court and before court commissioners, are diverted from their former course to the circuit court, to the newly created court, namely, the municipal court.

This conclusion so arrived at is the only one which harmonizes with the provisions of sec. 3 of the Kenosha act, under and pursuant to which the municipal court of Kenosha county is authorized to exercise powers and jurisdiction *concurrent* with and equal to the circuit court for Kenosha county in bastardy cases and in all cases of crimes and misdemeanors arising in said county wherein the maximum penalty does not exceed five years in the state prison.

Note, however, that the section last above referred to confers exclusive jurisdiction to institute and conduct examinations, etc., in the cases referred to in said section, and nowhere refers to indictments of a grand jury. So that, unless in other provisions of the act, in express and clear and unmistakable language, it deprives the circuit court of its right to summon a grand jury in all criminal cases and to proceed by indictment, the circuit court has not been deprived of such jurisdiction and still retains the same.

Inasmuch as the other provisions referred to in said sec. 6 are not germane to the specific issue involved herein they will not be further considered herein.

Sec. 7 of said Kenosha act provides as follows:

"All examinations, recognizances and commitments from or by said municipal judge or other examining magistrates of said county of Kenosha in bastardy cases, and in all criminal cases wherein the maximum penalty does not exceed five years in the state prison, shall be certified and returned to such municipal court instead of to the circuit court for said county of Kenosha, within the time prescribed by law, and the attendance of witnesses required upon the trial of any person so committed shall be secured in the same

manner as provided by law in the circuit court, and all such
cases shall thereafter be proceeded with and tried in said
municipal court, as provided by law in similar cases in circuit
courts."

Sec. 10 of said Kenosha act provides:

"If any person charged upon indictment or information
with a criminal offense shall have procured a change of
venue to the circuit court of Kenosha county, said municipal
court shall commit or hold the party to bail to appear at the
next term of the circuit court," etc.

The word "indictment" as used in sec. 10 refers specific-
ally to an indictment returned in the municipal court of
Kenosha county, and inasmuch as sec. 3 of the act confers
concurrent jurisdiction upon the municipal court equal to
the circuit court for Kenosha county in all cases of crimes
and misdemeanors arising in said county wherein the maxi-
mum penalty does not exceed five years in the state prison,
the conclusion is irresistible that the conferring of such ju-
risdiction also gives jurisdiction to the municipal court to
summon a grand jury and to proceed by indictments, etc.

Sec. 10 also makes it clear that the circuit court for Ke-
nosha county has jurisdiction to hear and try all cases com-
ing to it pursuant to a change of venue from the municipal
court.

Nowhere in the municipal court act is there anything to
indicate, by express language or by implication, that it was
the intention of the legislature to, or that it did, deprive the
circuit court for Kenosha county of jurisdiction to summon
a grand jury and to proceed with indictments. Therefore
it necessarily follows that the jurisdiction of the circuit
court with respect to the matters involved in the instant case
has in nowise been curtailed or impaired.

We now come to the other issue involved in this case,
namely: Assuming that the circuit court had no jurisdiction
in this case, would the proper procedure be to apply for a

writ of prohibition, or would the writ of *certiorari* afford a proper remedy?

In *Hauser v. State,* 33 Wis. 678, and in *Martin v. State,* 35 Wis. 294, writs of *certiorari* were issued and the questions involved in those cases were considered and determined by this court as though such writs were proper writs under the circumstances. In those cases, however, the regularity and propriety of the writs were assumed, and the practice was not in fact determined in the decisions.

In *Chittenden v. State,* 41 Wis. 285, 293, which was a criminal case in the circuit court for Dane county, in which an attempt was made to remove the case for a second time, and the court retained jurisdiction, and it was sought to raise the question of jurisdiction of the court by a common-law writ of *certiorari,* the court uses this language:

"To our minds it is a serious question whether this position of counsel is not correct and in strict accord with the principles and rules of practice which govern proceedings in civil and criminal actions. It is obvious that the writ is resorted to in the present case as a mode of appeal from the decision of the circuit court refusing to dismiss all proceedings in the cause. And the question is, whether such a ruling can be brought before this court for review by a common-law *certiorari*. The circuit court is a court of general jurisdiction in civil and criminal matters, under the constitution; and it was proceeding in the action according to the course of the common law. If the court was proceeding in the cause without jurisdiction, the appropriate writ to be applied for from this court would seem to be the writ of prohibition, and not a common-law *certiorari*. It seems to us, if the writ is a proper process for correcting the alleged error of the circuit court in refusing to dismiss the proceeding, it might be resorted to at any stage of the cause to bring up for review any erroneous decision which that court might make. The great inconvenience which would result if such a practice is sanctioned is too obvious to need comment. True, in the *Hauser Case* [33 Wis. 678] the writ was sued out to review a decision of the municipal court of the city

State v. Fischer, 175 Wis. 69.

of Milwaukee refusing to quash an information for publishing a libel. In the *Martin Case* [35 Wis. 294], the question was whether the circuit court, under the circumstances, should have changed the place of trial. If the question of practice had been considered and settled by the court in those cases, we should feel bound by the adjudications. But it was not; and therefore, under the circumstances, the question of practice will be deemed an open one in this court. On account of the absence of the chief justice, no attempt will be made to settle the practice in this case; but we thought it advisable to make the suggestions we have, in order that the profession might not be misled by the above decisions, or infer that the practice was already definitely determined and settled in such cases."

It is also held in *Barry v. Blackhawk Co. Dist. Court,* 167 Iowa, 306, 149 N. W. 449, that the mere fact that a court proposes to act in excess of jurisdiction or entirely without jurisdiction is to be remedied by a writ of prohibition rather than the writ of *certiorari.* See, also, 11 Corp. Jur. p. 90. And in speaking of a writ of *certiorari* it is said:

"It is not a flexible remedy, inasmuch as all that can be done under it is to quash or to refuse to quash the proceedings complained of. The office of a *certiorari* is to bring up the proceedings of the court below for examination, that they may be affirmed or quashed, and not to enforce any rights growing out of those proceedings. It would therefore not be a proper or an adequate remedy."

"The writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal properly and technically denominated such, or to an inferior ministerial tribunal possessing incidentally judicial powers and known as a *quasi*-judicial tribunal, or even in extreme cases to a purely ministerial body, commanding it to cease abusing or usurping judicial functions. A writ of prohibition is a prerogative writ to be used with great caution and forbearance for the furtherance of justice, and for securing order and regularity in all the tribunals where there is no other regular and ordinary remedy. The legitimate scope and purpose of the

writ is to keep inferior courts within the limits of their own jurisdiction, and to prevent them from encroaching upon the jurisdiction of other tribunals." 32 Cyc. 598, 599.

"The power of 'a general superintending control over all inferior courts' which the constitution (art. VII, sec. 3) grants to this court was first extensively considered and its limits defined in the case of *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. The subject has been discussed in a number of cases since that time, but no attempt has been made either to vary or enlarge the general principles laid down in the first named case, but, on the other hand, in all of the subsequent cases those principles have been either literally or in substance approved and applied.

"Those principles in substance are that this jurisdiction is not to be exercised upon light occasion, but only upon some grave exigency; that the writs by which it is exercised will not be used to perform the ordinary functions of an appeal or writ of error; that the duty of the court below must be *plain;* its refusal to proceed within the line of such duty, or, on the other hand, its intent to proceed in violation of such duty must be *clear,* the results must be not only prejudicial, but must involve extraordinary hardship; the remedy by appeal or writ of error must be utterly inadequate; and the application for the exercise of the power of superintending control must be speedy and prompt." *Petition of Pierce-Arrow M. C. Co.* 143 Wis. 282, 127 N. W. 998; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Milwaukee E. R. & L. Co. v. Circuit Court,* 133 Wis. 442, 113 N. W. 722; *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158; *State ex rel. Umbreit v. Helms,* 136 Wis. 432, 118 N. W. 158.

It will readily be seen that, assuming that the circuit court had no jurisdiction in the instant case, all of the requirements based upon the aforesaid principles would exist in the highest degree, and that therefore a writ of prohibition, as is practically conceded by the learned counsel for the state and as is strongly intimated in the case of *Chittenden v. State,*

41 Wis. 285, would be the proper and the only remedy that would afford adequate relief.

However, it having been herein held that the circuit court has jurisdiction in this case, the application for a writ of prohibition must be denied.

*By the Court.*—It is so ordered.