## In the matter of FRITS and others, infants.

The revised statutes have not divested the court of chancery of any of its powers as the general guardian of the persons and estates of infants; neither do they prevent the chancellor, in court, from making an order for the appointment of a guardian, or next friend, according to the former practice of the court. But where it can be done consistently with the forms of the court, and without great inconvenience and expense, the court will, in the exercise of its powers, conform to the spirit of the statutory provisions.

The revised statutes do not, in terms, require a next friend to be appointed, for an infant plaintiff who joins with an adult, but it is as necessary in that case to have a next friend appointed as in the case of a sole plaintiff.

The provision which directs the officer making the appointment of a next friend to take security to the infant in certain cases, extends to cases where the infant sues jointly with others.

Where a great number of infant legatees had a common interest in the prosecution of a suit, the court, on the application of the guardians of some of the infants, in behalf of all the rest, appointed a next friend to prosecute a suit in the names and for the benefit of all the infant legatees.

THIS was a petition for a special order for the appointment of a next friend for the infant grand children of J. Miller, deceased, who were legatees named in his will; to enable them to join with the adult legatees in a bill for the sale of certain real estate of the testator, to satisfy their legacies charged thereon. The petition stated that the testator, by his will, gave to Mary Frits and three other persons legacies of one hundred dollars each, and to the petitioner, and the other grand children of the testator, indiscriminately, three hundred dollars, to be divided among them equally; that the

payment of the legacies was charged exclusively upon a farm
which descended to the heirs at law of the testator ; that
among the legatees were thirty infants, of different ages from
three to twenty, residing in various and distant parts of the
state, besides several adults ; that a sale of the property
was necessary to satisfy the legacies ; that all the legatees
were desirous to have a decree for the sale of the farm ; and
that it would be very inconvenient and expensive to the par-
ties to procure the appointment of a next friend, for each of
the infants, by an order of an officer out of court.

*I. McConihe*, for the petitioner.

THE CHANCELLOR. The prayer of the petition in this
case is perfectly reasonable and proper ; as it is pretty evi-
dent, that if these infants were all made defendants, and
were compelled to put in answers by their guardians, in the
usual manner, the expense would be more than the whole
amount of their legacies, and probably more than the value
of the land on which those legacies are charged. The only
question is whether the revised statutes have taken away
the power which this court formerly possessed, of directing a
suit to be brought for the benefit of an infant, without any
direct application from him ; or where he is incapable,
from his tender years or otherwise, of presenting a petition.
The second section of the title of the revised statutes, rel-
ative to proceedings by and against infants, (2 R. S. 446,)
provides, that before any process shall be issued in the name
of an infant who is sole plaintiff in any suit, a competent and
responsible person shall be appointed to appear as the next
friend for such infant, in such suit, who shall be responsible
for the costs thereof. The third section directs the manner
in which such appointment shall be made. Notwithstand-
ing these sections do not in terms apply to suits where an in-
fant is joined with an adult plaintiff, the appointment of a
next friend is as necessary to protect the rights of the infant
in the one case as in the other ; although in the latter case
the defendant would have a remedy for his costs against the
adult complainant. The fifth section, which authorizes the
officer making the appointment to take security to the infant

in certain cases, extends to all cases of suits brought by the next friend of an infant, whether the infant is sole plaintiff or joined with another. The mode of appointment prescribed by the statute must be adhered to in all cases where a next friend is appointed by an officer out of court. But a literal compliance with the fourth section is not practicable in all cases ; as it may be necessary to commence a suit in behalf of an infant who is too young to sign a petition, or even in behalf of a child in ventre sa mere. In such a case I think it would be competent for some relative or friend to present the petition in behalf of the infant.

On a careful examination of the statute, I am satisfied it was not the intention of the legislature to divest the court of any of the powers it before possessed, as the general guardian of the persons and estates of infants ; or to prevent the chancellor in court from making an order for the appointment of a next friend of an infant complainant, or a guardian ad litem for an infant defendant, as had been usual before these statutory provisions were made. But this court has already decided that in the exercise of its power in this respect, it is proper to conform to the spirit of the statutory provisions, so far as it may be done consistently with the forms of the court, and the convenience of suitors, and without unnecessary expense. (*Knickerbacker* v. *Defreest and others*, ante, 304.)

In this case it is proper that a suitable person should be appointed by the court for the purpose of joining in the suit with the adult legatees. But the person proposed is the administrator, and may be a necessary party, to render an account of the personal estate. As it is possible he may have to represent some interests, adverse to that of the infants, a different person must be selected as their next friend. Mr. McConihe, the solicitor for the adults, is therefore appointed next friend of the infants. It would be a useless and unnecessary expense to execute a bond to each of the thirty infants in this case. And as the premises must be sold under the direction of a master, if a sale is decreed, to pay the legacies, the court can control the fund without suffering it

to pass into the hands of the next friend. The security may therefore be dispensed with, under the particular circumstances of this case.