CORNELIUS DYKEMAN, Plaintiff in Error,

*vs.*

JOSEPH H. BUDD, Defendant in Error.

CERTIORARI TO THE JUDGE OF THE CIRCUIT COURT OF ROCK COUNTY.

Previous to the passage of the act of the legislature establishing the civil jurisdiction of the County Courts, the Circuit Courts had no jurisdiction of appeals from the judgments of justices of the peace, and the stipulation of the parties for a change of venue of such cases, would not be effectual to give the Circuit Court jurisdiction.

Such jurisdiction of appeals could only be acquired by the Circuit Court, by an order of the County Court, changing the venue for cause, as provided by the statute.

By the act of the legislature abolishing the civil jurisdiction of the County Courts, cases pending therein were returned to the Circuit Courts; but previous thereto mere consent of the parties would not confer upon the latter, jurisdiction of appeals from justices of the peace.

This was a writ of common law certiorari directed to the judge of the Circuit Court of Rock county, requiring him to certify certain proceedings before him, wherein it was alleged certain errors had been committed in relation to the taxation of costs, &c.

The petition for the writ sets forth that on the 29th day of May, A. D. 1850, Dykeman recovered a judgment for the sum of $100, against Budd, before a justice of the peace of Rock county, from which the defendant appealed to the Rock County Court, where said cause remained until the 21st day of May, 1854, having been continued from term to term with the consent of both parties, when by consent of parties, the venue was changed to the Circuit Court, wherein the cause proceeded to trial and judgment.

The return of the judge to the writ of certiorari,

adopts the state of facts set forth in an agreed case

annexed to the petition, which is substantially as follows :

The suit was commenced before a justice of the peace, where Dykeman, the plaintiff, had judgment. The defendant, Budd, appealed to the County Court of Rock county. At the August term, 1853, of the County Court, on account of the vagueness and un-. certainty of the pleadings before the justice, new pleadings were ordered, and were filed accordingly. The cause was continued in the County Court by consent, until the April term, 1854, when the parties by their respective counsel, entered into the following stipulation :

" It is hereby stipulated and agreed between the respective parties in the above entitled cause, that the venue of the same be changed to the Circuit Court in and for the county of Rock, and that the judge of the County Court is hereby authorized to change the venue as aforesaid, and that the same be tried at the next June term of the said Circuit Court."

The foregoing stipulation being filed, the County Court made the following order :

" On reading and filing the stipulation of the respective parties in the above entitled suit, to change the venue of the same to the Circuit Court in and for the county of Rock : on motion, ordered, that the venue of the same be so changed."

This order was entered on the 21st day of April, 1854. At the June term of the Circuit Court, the cause was duly noticed for trial and placed on the calendar of the court for trial, at the June term, 1854, and was tried by a jury at said term who failed to agree upon a verdict, and the cause was continued.

At the November term of the Circuit Court, the cause was again brought to trial, which resulted in a verdict and judgment for the plaintiff for $17 50-100.

At the same term, the parties appeared upon due notice before the clerk for the taxing of the costs. The defendant objected to all that portion of the bill presented by the plaintiff which included the fees of the witnesses, and indeed all the costs of the trial at the June term, on the ground that the cause was not then legally pending in the Circuit Court, the same having been removed thither by the order of the County Court upon the stipulation of the parties, and not upon application for any of the reasons mentioned in the statute. The objection was sustained by the taxing officer, and those items were rejected, and the plaintiff appealed to the judge of the court for re-taxation, who affirmed the taxation of the clerk.

The judge in his return to the writ of certiorari says, " the question submitted and passed upon by the court was, whether the costs of the plaintiff at the June term of the Circuit Court of Rock county, should be allowed to the plaintiff: And I further certify and report, that as judge of said Circuit Court, at the term of November aforesaid, I did decide that the stipulation and order of the County Court changing the venue to the Circuit Court, was unau- thorized and void. That no stipulation of the parties could give jurisdiction to the Circuit Court, of an appeal pending in the County Court; that the trial which took place in the Circuit Court in June, 1854, was without jurisdiction, and therefore a wholly void proceeding, and that therefore the costs which were then incurred by the plaintiff could not be allowed and taxed as part of the costs in the suit."

*David Noggle*, for the plaintiff in error.

*Whiton & King*, for the defendant in error.

*By the Court*, SMITH, J. It is with great reluctance that a writ of certiorari will be granted when the question involves merely an error in the taxation of costs. But cases sometimes arise, which seem to call for a remedy of this kind, or one of equal potency. But this case involves a question other .than that of mere taxation. The statutes of this State provide for a change of venue in certain cases; as well from the Circuit Courts as from the County Courts, and we are called upon in this case, to decide whether the stipulation of the parties for a change of venue will be effectual to give the court to which the venue is proposed to be changed, jurisdiction of the case. We think not. It can in no sense be analogous to an amicable suit entered in a court of record. The court in which the suit is brought cannot by stipulation of the parties, transfer to another its own powers and responsibilities. As the law stood at the time of the change of venue in this case, the Circuit Courts had no jurisdiction of appeals from justices of the peace in civil cases, except in those the venue of which was changed thereto in conformity with the provisions of the statute. These provisions are familiar to all and need not be particularly referred to. Here was no affidavit of prejudice of the judge, or people of the county, and if jurisdiction could be acquired of appeals by the Circuit Court by stipulation of the parties, consent would open a clear and direct path from the justice to the Circuit Court, without the intervention of the County Court at all. By the act of the legislature, abolishing the civil jurisdiction of the

County Courts, cases pending therein were removed to the Circuit Court. The order of the County Court changing the venue in this case, shows on its face, that it was made by consent, and not in conformity with the statute.

We think the order of the circuit judge is correct, and the same is affirmed with costs.