June Term,
1860.

STATE
v.
MUSHIED.

---

## STATE vs. MUSHIED.

A prosecution for bastardy is a *quasi* criminal proceeding, and cannot be brought to this court by appeal, but by writ of error only.

12   561|
114   259|

APPEAL from the Circuit Court for *Dodge* County.

The case is stated in the opinion of the court.

*Billinghurst & Lewis*, for appellant.

*J. H. Howe*, Attorney General, for the state, contended that the provisions for appeals, (chap. 139, R. S.), apply only to civil actions, and that this is a *quasi* criminal action, in which a summary method of arrest and punishment is authorized, and in which the proceedings are not for the benefit of any private individual, but are designed to protect the *people* against loss for the maintenance of the bastard, the supervisors of the town being authorized to make the complaint. R. S., chap. 37, § 11.

*By the Court*, PAINE, J. This was a complaint against the defendant for the purpose of compelling him to provide for the support of a bastard child. There was a trial in the circuit court, and he was convicted and adjudged to be the father of the child, and to provide for its support. From the judgment he has appealed to this court, in the manner provided for appeals in civil actions. The attorney general moved to dismiss the appeal, on the ground that the statute relating to appeals applies to civil actions, and that a complaint charging the party with being the father of a bastard child, is not a civil action within the meaning of that statute. We are inclined to be of this opinion. The statute which allows

October 15.

VOL XII—36

June Term,
1860.

an appeal to be substituted for a writ of error, was evidently designed only for civil actions, and not to change the practice in criminal cases.

Bastardy proceedings, it is true, are not strictly of a criminal character, yet they have always been considered as *quasi* criminal cases, and the practice in them has been like the practice in criminal cases. We think the new system was not intended to change the proceedings in such cases, and that if the defendant desired to review the judgment of the circuit court, he should have sued out a writ of error.

The motion to dismiss the appeal must be granted, with costs.