## GLASSCOTT vs. WARNER.

*Power of circuit court to appoint guardian of infant.*

The circuit courts of this state have jurisdiction to appoint and remove guardians of the persons and estates of infants. The power of the county courts in this respect (R. S., ch. 112) is concurrent.

APPEAL from the Circuit Court for *Rock* County.

On decreeing a divorce of Francis Glasscott and Jennett Glasscott from the bond of matrimony, at the suit of the latter, said circuit court, in September, 1864, awarded the care and custody of their child, Francis Douglass Glasscott, to said Jennett. In December, 1865, *William Glasscott*, the father of said first mentioned Francis Glasscott, applied to the court, for reasons assigned in his petition, to have said Jennett removed from her trust as guardian of said infant, and himself appointed such guardian. Thereupon, by order of the court, a referee took proofs of all the material facts alleged in said petition, and of the amount of the estate of said infant, and reported thereon, and named *Albert Warner* as a competent and proper person who consented to act as guardian of the person and estate of said infant, and reported also the amount for which the guardian should be required to give bond, and the names of persons offered as bondsmen, and by said referee approved. The court, after hearing counsel for the parties, confirmed the report, and appointed *Warner* as such guardian, &c., and from this order *William Glasscott* appealed.

*H. Medbury*, for appellant, contended that under section 9 of the act of Congress organizing the territory of Wisconsin, and the Territorial Statutes of 1839, p. 296, and p. 196, sec. 6, the power of appointing general guardians for infants &c., was in the probate courts, and not in the district courts; that all territorial laws in force at the time of the adoption of the constitution were (by section 2 of the schedule) to remain in force until they expired by their own limitation or were altered or repealed by the legislature;

and that this constituted an exception to the powers of the circuit courts as defined in sec. 8 of art. VII of the state constitution. He also argued that by sec. 5 of the act of June 29th, 1848 (R. S. 1858, p. 1040), the circuit courts of the state were to have precisely the same jurisdiction in civil matters as the district courts of the territory, and the probate courts the same jurisdiction as under the territorial statutes; that the rules of practice adopted by the supreme court for the government of the state courts (which by ch. 82, R. S. 1849, were to have the force of laws), did not contemplate the appointment of general guardians by any but the probate courts ; and that a long and uninterrupted practice under a statute is good evidence of its construction (*McKeen v. Delancy*, 5 Cranch, 22 ; *Morrison v. Barksdale*, Harper, 101); that the provision of sec. 1, ch. 80, R. S. 1849, that the probate court might appoint guardians &c., with the provision of sec. 11 that nothing in that chapter should prohibit other courts from appointing guardians *ad litem*, implied that other courts were excluded from appointing general guardians ; that the same thing is implied in ch. 84, R. S. 1849, " Of courts of chancery and proceedings therein," in that it gives the court no power to appoint general guardians, but only special guardians in proceedings pending therein ; and that the same provisions are incorporated in the revision of 1858.— Counsel also cited *Aldrich v. Hawkins*, 6 Blackf., 125. " If a statute create a cause of action and provide that a particular tribunal shall take cognizance of it, no other court can enforce the law." He also cited *Heilman v. Martin*, 2 Pike, 158, where it is decided that " under the constitution [of Arkansas] and the statute of 1836, the probate court has *sole* jurisdiction of the appointment of general guardians."

*Wm. Smith, Jr.*, for respondent, cited 5 Paige, 534 ; *Helden v. Helden* 7 Wis., 296; 2 Story's Eq. Jur., § 1337 ; 2 Van Santv. Eq. Pr., 297 ; 2 Paige, 374.

DIXON, C. J.  In England the power of the king, as uni-

versal guardian of the estates and persons of infants, was delegated to and exercised by the chancellor.    Upon the separation, the  same jurisdiction was vested in and exercised by the courts of chancery in this country.    *In the matter of  William Nicoll, an infant,* 1 Johns. Ch., 24 ; *In the matter of  Ichabod Andrews, an  infant,* id., 99.    The constitution, art. VII, sec. 8, provides that "the circuit courts shall have original jurisdiction in all matters, civil and criminal, within this state, not excepted in this constitution, and not hereafter prohibited by law, and appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same."    This includes the original jurisdiction previously possessed by the courts of chancery, and, of course, that of appointing and removing guardians over the persons and estates of infants, unless excepted in the constitution or since prohibited by law.    It is not excepted in the constitution, nor has it since been prohibited by law.    The statute, R. S., ch. 112, which provides that the judge of the county court in each county *may* appoint guardians to minors and others, and regulates the exercise of such power by the county judges, is not prohibitory.    It does not forbid the exercise of the same jurisdiction by the circuit courts, and hence the jurisdiction conferred upon the county judges is concurrent with that of the circuit courts over the same subject.    *In the matter of Frits and others, infants,* 2 Paige, 374; *In the matter of Dyer, an infant,* 5 id., 534.

The objection that the circuit court had no jurisdiction being the only one taken on this appeal, and it appearing that the court had jurisdiction, the order appealed from must be affirmed.

*By the Court.*—Order affirmed.