GARLAND vs. McKittrick and others, Garnishees.

*April 19 — May 10, 1881.*

*Removal of garnishment proceedings for prejudice of the judge.*

1. Under our statutes, where garnishee process is issued by a justice of the peace in aid of an execution upon a judgment previously rendered by the same justice or his predecessor, the execution defendant has no right to have the proceedings in garnishment removed on account of prejudice of the justice before whom they are pending.
2. Whether the garnishee is entitled to such a removal in such a case, is not here determined.

APPEAL from the Circuit Court for *Iowa* County.

On the 8th of November, 1877, the plaintiff obtained judgment against the defendant *Bridget Fitzpatrick* for $105 and costs, before L. Lincoln, Esq., a justice of the peace in Iowa county. March 13, 1879, the successor of the justice issued an execution thereon, and two days later, upon affidavits made in behalf of the plaintiff, a garnishee summons was issued in aid of the execution and served on *Bridget Fitzpatrick* and also on one of the firm of McKittrick & Sons, returnable April 11, 1879. At the time appointed in the summons, the defendant in the execution and the garnishees both appeared before the justice, and *Bridget Fitzpatrick* filed therein her affidavit, stating that from prejudice and other cause she believed such justice would not decide impartially in the action, and at the

same time paid the justice his fees for making a copy of his docket and transmitting the papers in the case to the next justice. The justice, however, refused to remove the cause. The garnishees were thereupon examined before the justice, and disclosed the fact that they were indebted to *Bridget Fitzpatrick* in a sum named, the amount of which was by them paid over to the justice in pursuance of his order. The proceedings were thereupon removed by writ of *certiorari*, procured by the execution defendant, to the circuit court for Iowa county, where the judgment of the justice upon the question of such removal was affirmed; and from such judgment of affirmance this appeal was taken.[1]

---

[1] Secs. 3616–18, R. S., provide as follows:

"Sec. 3616. In all cases, if the defendant shall, on the return day of the process, and before any proceedings are had on his part, make oath that, from prejudice or other cause, he believes such justice will not decide impartially in the matter, and shall pay to the justice seventy-five cents for making a copy of his docket and transmitting the papers in the case, then such justice shall immediately transmit all the papers in the case to the nearest justice of the peace in the same county, qualified by law to try a cause between the parties in such action, who shall proceed to hear, try and determine the same in the same manner as it would have been lawful for the justice before whom the said action was commenced to have done. This provision shall not extend to any second removal.

"Sec. 3617. If, previous to joining issue in any action, either party, his agent or attorney, shall make affidavit that the justice before whom the same is pending is a material witness for such party, without whose testimony he cannot safely proceed to trial, or if it shall appear that the justice is near of kin to either party, then and in such case the said justice shall transmit said action, and all papers appertaining to the same, to some other justice of the same county, who may thereupon proceed to hear, try and determine the same in the same manner as it would have been lawful for the justice before whom the said action was commenced to have done.

"Sec. 3618. When a suit in which any person shall have been summoned as garnishee shall be removed, under the provisions of either of the preceding sections, the garnishee suit, and all proceedings therein, shall be removed to the same justice to whom the original suit is removed. And whenever a suit commenced by garnishee summons shall, for any cause, be removed to another justice, the suit in which such garnishee summons was issued shall also be

The cause was submitted for the appellants on the brief of
*J. P. Smelker.* He argued, 1. That there was never any
sufficient service of the garnishee summons. 2. That it was
error to refuse the application of the principal defendant for
a removal of the garnishee suit on account of the prejudice of
the justice. Such a defendant is entitled, under sec. 3723,
R. S., to defend such a suit " upon any ground upon which a
garnishee might defend the same." " Defense " includes all
the proceedings on defendant's part to embarrass, delay or de-
feat the action. Burrill's Law Dic., *sub verbo.* The removal
of the cause is a part of the defense; sometimes a very im-
portant part. The principal defendant, then, can remove the
cause for prejudice of the justice, if the garnishee can. But
it is claimed that when the garnishee action is based upon an
execution, no removal is provided for, on the application of
either defendant. But the statute (sec. 3616) declares that,
upon complying with certain conditions, a removal shall be
granted " *in all cases.*" This certainly means in all suits, all
actions; and a garnishee proceeding is unquestionably a suit,
or action, whether based upon an execution or otherwise.
*Daniels v. Clark,* 38 Iowa, 556; *Moore v. Stainton,* 22 Ala.,
831; *Edmondson v. De Kalb Co.,* 51 id., 103; *Thomas v.
Woodruff,* 5 Ark., 55; *Tunstall v. Worthington,* Hempst.,
662; *Malley v. Altman,* 14 Wis., 22; *Almy v. Platt,* 16 id.,
169; R. S., secs. 3700, 3720, 3725 (as amended by ch. 207
of 1880), 3726. It is said that the garnishee action based
upon an execution cannot be removed because you cannot re-
move the principal action. The same reason would prevent an
*appeal* in the garnishee action. It is not necessary to remove
the principal action, because the garnishee action is not based
upon that, but upon the execution only. A transcript of the

removed to the same justice. In all such cases the justice shall transmit the
papers in both suits, as provided in the preceding sections, and the justice to
whom the same may be removed shall proceed to hear, try and determine the
same in all respects as though the same had been commenced before him."

justice's docket in the garnishee suit, showing the return on the execution, the garnishee summons and affidavit, and the affidavit of removal, would give the second justice jurisdiction to proceed with the garnishee action. Drake (on Attachment, 5th ed., § 658) says that in garnishment based on an execution the record consists of the execution, the officer's return, the garnishee's answer and the judgment. The object of the statute of removals is to secure a defendant a trial before an impartial justice; and the statute ought to be construed with reasonable liberality to effect that end.

For the respondent there was a brief by *H. F. McNelly*, and oral argument by *T. J. Brooks*.

CASSODAY, J. The service of a summons is to secure the appearance of the party upon whom it is made. If the party so served appears, as required by the summons, the object of the service is secured. A defect in such service, therefore, is not available in the appellate court for one who so appeared. The service of the garnishee summons was the commencement of an action against such garnishee and in favor of the plaintiff in the original action. Section 3720, R. S. Such garnishee action, however, is ancillary to the principal action, or judgment and execution, and the two must necessarily be in the same court at the same time. Hence, no final judgment can be rendered against the garnishee until final judgment is rendered against the defendant in the original action. Section 3727, R. S. Here judgment had been rendered in the principal suit more than a year before the garnishee action. The garnishee summons was not issued in aid of a pending action, but in aid of an execution issued upon a judgment previously rendered. A judgment in a court of record is defined by statute to be the final determination of the rights of the parties in the action. Section 2882, R. S. The same is true of a judgment in a justice's court, which has not been appealed from. This being so, the defendant in the exe-

Garland vs. McKittrick and others, Garnishees.

cution lost all right to remove the principal action from the justice by reason of prejudice. That could only be done on the return day of the process, and before any proceedings had on her part. Section 3616, R. S. That being so, section 3618, R. S., does not seem to be applicable to the case here presented. That section seems to require that the suit against the principal defendant, and the action in aid of it against the garnishee, should both continue before the same justice; and hence it is provided that in case one is removed the other shall go with it. But here there is one which had passed into judgment, and hence could not be removed. Section 3723, R. S., provides, in effect, that the defendant in the original action may appear and defend the proceedings against the garnishee upon the ground therein named, and upon any ground upon which the garnishee might defend the same; but the removal of a cause from one tribunal to another is strictly a statutory right, to be enjoyed only by those to whom it is given. The statute nowhere gives the right to the defendant in the execution to remove the action against his garnishee, when he has lost his right to remove the action against himself by allowing judgment to be entered. Since a garnishee suit in aid of an execution is merely auxiliary to the execution, and since it is the theory of the statute that the two should remain before the same tribunal, there may be a question whether the statute was designed to authorize the garnishee to remove his action in a case where the original action had passed into judgment, and hence not removable. But as the question is not here involved, we refrain from considering it.

*By the Court.*—The judgment of the circuit court is affirmed.