## BULLARD vs. KUHL.

*February 15 — March 14, 1882.*

APPEAL FROM JUSTICE'S COURT.  *Case cannot be tried* de novo *by stipulation.*

On appeal from justice's court in a case where, by the statute (sec. 3767, R. S.), the cause is required to be "heard on the original papers and the return of the justice containing all the material evidence," etc., the court cannot take authority, from a *stipulation* of the parties, to try the cause *de novo* as if originally brought in that court; and a judgment rendered upon such a trial is held, upon appeal, *void* for want of jurisdiction.

APPEAL from the Circuit Court for *Clark* County.

The defendant appealed from a judgment in favor of the plaintiff.  The case is stated in the opinion.

For the appellant there was a brief by *J. R. Sturdevant,* his attorney, with *R. J. MacBride,* of counsel, and oral argument by *Mr. MacBride.*

*James O'Neill,* for the respondent.

ORTON, J.  This action was originally brought before a justice of the peace on a promissory note for $12, and the defendant answered that the note was obtained by fraudulent representations and undue influence.  The cause was regularly tried by the justice, and judgment rendered for the defendant, and the plaintiff appealed to the circuit court, and a return was made.  While the cause was pending in the circuit court, the parties, by their respective counsel, stipulated "that there may be a new trial in this action, the same as though this action had been originally brought in this court."  Thereupon there was a trial *de novo* by the court, a jury having been waived; and the court made findings of fact, and rendered judgment in favor of the plaintiff for $12.83 damages, and $52.28 costs, which costs embraced the costs in the justice's court, of $15.44.  The record shows that the circuit court ob-

tained jurisdiction of this action only by the appeal and the return of the justice; and the appeal is still pending, and has not been disposed of, either by a hearing according to the statute, or by dismissal, and the judgment in the action for the defendant in the justice's court still remains unreversed, and a new trial in all respects, upon new evidence and upon the pleadings filed before the justice, and the issue there made, was had in the appellate court, and judgment was rendered in that court upon the *merits,* in which is included the costs made before the justice. The stipulation is for a *new trial* in the action pending on appeal.

There is not the slightest pretext or reason for calling this the trial of an original action in the circuit court, by stipulation of the parties. The circuit court did not obtain jurisdiction of the action by stipulation, but that court proceeded to try it according to the stipulation, and not according to the statute. This was clearly a mistrial or no trial of the action on the appeal. "A trial is the examination of a cause before a judge who has jurisdiction of it according to the laws of the land." Jacob's Law Dict., tit. "Trial."

That the circuit court had no jurisdiction to try this action and render judgment as it did, is made certain by several decisions of this court, as well as by the decisions of other courts, I think without an exception. When by the statute of this state appeals from justice's courts could only be taken to the county courts, and not to the circuit courts, an appeal pending in the county court was removed by the stipulation of the parties to the circuit court, and there tried. This court held in *Dykeman v. Budd,* 3 Wis., 640, in such a case, that "the order of the county court changing the venue in this case shows on its face that it was made by consent and not in conformity with the statute," and that the circuit court had no jurisdiction to try the cause. It was not even pretended that the circuit court had jurisdiction by consent to

try the action because it had original jurisdiction over such subject matters.

In *Verbeck v. Verbeck*, 6 Wis., 159, the case was improperly certified to the circuit court on the ground that the title to lands would come in question, and in the circuit court the plaintiff proceeded and offered his evidence, and rested his case, without any objection from the defendant, and then the defendant objected to any further proceedings on the ground of a want of jurisdiction. It was insisted by the plaintiff that the trial had so far proceeded by consent, which gave the court jurisdiction. Chief Justice WHITON, in delivering the opinion of the court, said: "The circuit court did not obtain jurisdiction by the action of the parties and the justice;" and then disposed of the reason urged here in favor of the jurisdiction of the circuit court to try the action as an original one: "But it is claimed by the defendant in error that, as the circuit court had jurisdiction of the subject matter of the suit, and as the appearance of the parties before that court gave it control of them, the court was correct in retaining the case, and deciding it *on its merits*. This argument would be entitled to great weight did it not involve *a palpable evasion of the statute. That has prescribed the manner* in which cases which are commenced before justices of the peace shall be taken to the higher courts, and we cannot sanction a practice which does not comply with it." To the same effect are *Miles v. Chamberlain*, 17 Wis., 446; *Cecil v. Barber*, 3 Wis., 297; *Watry v. Hiltgen*, 16 Wis., 516; *Chinnock v. Stevens*, 23 Wis., 396.

In *Latham v. Edgerton*, 9 Cow., 227, a prerequisite to an appeal from the judgment of a justice to the common pleas had not been complied with, and yet the return was made and the parties appeared and proceeded with the trial, and it was tried without objection, and judgment rendered for the plaintiff. It was held "that, although the parties to such

appeal join issue and go to trial in the court of common pleas, yet the court does not by that means acquire jurisdiction;" and the court said further in the opinion: "The parties are considered as having a standing in court only by force of the appeal; and although the subject matter of the suit be one over which the court might have had original jurisdiction, yet, having been brought there by appeal, the subsequent acts of the parties are considered as compulsory, and not as intended to confer jurisdiction upon the court." This language is strictly applicable to this case.

In *Watts v. Tittabawassee Boom Co.*, 11 N. W. Rep. (Mich), 377, a stipulation was made that only one certain question was to be submitted to the jury under special instruction of the court, and that "the parties should have the same right of review by writ of error or otherwise as if the case were submitted in the usual manner, leaving it simply a question of law;" and on writ of error to the supreme court on the judgment rendered on such stipulation, it was held that the jurisdiction of the court could not be abridged by stipulation, and that "the practice the parties have seen proper to adopt has resulted in a mistrial, and the case must go back to be retried."

Although the learned counsel on both sides presented very able briefs on the various questions arising upon the trial of the cause, and this question is barely mentioned in the brief of the learned counsel of the appellant, without the citation of any authorities, and the learned counsel of the respondent does not even allude to it, it is of too much importance to · be ignored by this court, and the practice ought not to be encouraged by silence. The circuit court must proceed in the hearing of appeals from judgments of justices of the peace, where the plaintiff's claim and the judgment are less than $15, strictly according to the directions of the statute, or the proceedings will be void. The case must be heard on the original papers, and the return of the justice containing all the

material evidence and his rulings in the action, "and on giving judgment the circuit court may *affirm* or *reverse* the judgment of the court below, in whole or in part, either as to damages or costs, or both, as to any or all parties, and for errors of law or fact." "To the copy of every such judgment, upon an appeal, there shall be annexed the return upon which it was heard, which shall be filed with the clerk of the court and constitute the judgment roll," etc. Sections 3767 and 3769, R. S. On this appeal the circuit court disregarded all of these provisions of the statute, and tried the action, which was in that court only on appeal, as an original action, and rendered a judgment unauthorized in such a case. The judgment is void for the want of jurisdiction in the court to render it, and must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.