BARRY, Respondent, vs. NIESSEN, Appellant.

*April 3—April 22, 1902.*

*Judgment: Lien: Docketing: Bastardy.*

1. A judgment in bastardy proceedings which does not adjudge the
   present payment of any sum to the mother of the child cannot
   be docketed so as to become a lien in her favor upon land of
   the defendant.
2. Where the judgment in bastardy proceedings directs that de-
   fendant pay to the mother a certain sum per year for the sup-
   port of the child, but does not direct payment in advance, such
   sum becomes due only at the end of each year's support.

APPEAL from a judgment of the circuit court for Racine
county: FRANK M. FISH, Circuit Judge. *Affirmed.*

This was an action for the partition of certain real estate in the city of Racine. The plaintiff's rights to an undivided one-quarter of the premises in question were undisputed, except by the appellant, *Gertrude Niessen*. The material facts in the case were undisputed, and were as follows:

One Virginia Lugg was the owner of the real estate in question, and died at Racine, Wisconsin, intestate, February 13, 1899, leaving as her heirs at law four children, viz., Lydia C. Thompson, Alexia V. Ritz, Martha Lugg, and Herbert J. Barry, each of whom became the owner of an undivided one-fourth interest in the property. The said **Barry** prior to August, 1899, had married the plaintiff, *Ella Barry,* and said *Ella Barry* in August, 1899, commenced a divorce action against said Herbert Barry; and during the pendency of said action the said Herbert deeded to the said *Ella,* in lieu of alimony, his interest in the said real estate, and by the final judgment in said divorce action, in September, 1899, the said transfer of said real estate in lieu of alimony was ratified and confirmed. Some years prior to the marriage of said Herbert Barry and the plaintiff, and in November, 1891, the appellant, *Gertrude Niessen,* had commenced a bastardy proceeding against the said Herbert Barry in the circuit court of Racine county; and on April 13, 1892, after trial and a verdict of guilty, the said Herbert Barry was adjudged to be the father of the child of the said *Gertrude Niessen,* and it was further adjudged that he pay the sum of $11.25 costs, and that he pay to the said *Gertrude Niessen* the sum of $100 per year from the date of said judgment until said child should become thirteen years of age, and that he furnish a bond in the sum of $500 for the compliance on his part with the said judgment. No bond was furnished, and the said Herbert Barry was confined in the county jail for ninety days, at the expiration of which time he was released. No part of the judgment has ever been paid. At the time of the

rendition of the judgment, the clerk of the circuit court made the following entry upon the judgment docket:

"State of Wisconsin,          E. O. Hand,
          Plff.                Dist. Atty.
     vs.
"Herbert J. Barry,
          Def.                               April 13, 1892,
          Amount —
          Costs — $111.25.                   At 3 o'clock p. m.
          Amount to become due."

No attempt was made by *Gertrude Niessen* to collect the judgment by the issuance of execution.

On September 26, 1899, the plaintiff commenced this action of partition in the circuit court of Racine county, making the other heirs of Virginia Lugg defendants. On January 3, 1900, *Gertrude Niessen* appeared and intervened in the action, and claimed that she had a lien against that portion of said real estate owned by *Ella Barry*, because of the bastardy judgment aforesaid, and prayed that her lien be enforced by the court. A stipulation was entered into by the parties May 3, 1900, by which the partition suit was dismissed as against all the parties excepting *Gertrude Niessen*, the defendants paying into court $825, which was agreed to be the full share of *Ella Barry* in the real estate in question, and which sum was to be held in court subject to the determination of the contest between *Ella Barry* and *Gertrude Niessen*. It was admitted that the child of *Gertrude Niessen* had been supported by her since the date of the bastardy judgment, April 13, 1892, and it was found that there was due upon the judgment the sum of $1,016. Upon these facts the circuit court held that the bastardy judgment did not become a lien upon the real estate of Herbert Barry, and that the plaintiff, *Ella Barry*, was entitled to the sum of $825 so paid into court. From a judgment in accordance with this finding, *Gertrude Niessen* appeals.

For the appellant there was a brief by *John W. Owen* and *Hand & Hand,* and oral argument by *E. B. Hand.*

*Martin J. Gillen,* for the respondent.

WINSLOW, J.   The sole question in this case is whether the bastardy judgment became a lien upon the real estate of Herbert J. Barry, in favor of the mother of the child.   No judgment becomes a lien upon real estate unless it be duly docketed (Stats. 1898, sec. 2902), and it cannot be docketed unless it be a judgment directing the present payment of money (Id. sec. 2899).   The docketing must be done at the time of filing the judgment roll, and there are no provisions for docketing of instalments which grow due in the future and depend upon contingencies (Id. sec. 2899; *Staples v. Staples,* 87 Wis. 592, 58 N. W. 1036).   So far, then, as the judgment provided for the payment of the sum of $100 per year for the support of the child in the future, it was incapable of docketing, and hence the fact that there was an entry on the docket purporting to docket a judgment for "amount to become due" could have no legal effect.   Execution might issue upon motion when an instalment became due and remained unpaid, and property could be levied upon thereunder (Stats. 1898, sec. 1538); but no execution was ever in fact issued, so no lien was acquired in this way.

Had the judgment ordered the present payment of any specified sums of money to the appellant for lying-in expenses, or the previous care and support of the child (Stats. 1898, sec. 1535), a different question would be presented.   No reason is perceived why, as to such sums, the judgment might not be properly docketed, and become to that extent a lien upon property.   It is true that a bastardy proceeding is said to be *quasi* criminal in its character, so far as the practice is concerned.   *State v. Mushied,* 12 Wis. 561.   Nevertheless it has often been held that it is not in fact a criminal prosecution, but (when instituted by the mother) is a proceeding

to enforce the father's natural obligation to support his child, and brought for the benefit and protection of the mother. *Baker v. State,* 65 Wis. 50, 26 N. W. 167. It was manifestly under this view of the real nature of the action that it was held by this court that the mother might maintain a creditor's action to enforce a bastardy judgment in her favor. *Pierstoff v. Jorges,* 86 Wis. 128, 56 N. W. 735.

The insurmountable difficulty in the present case is that the bastardy judgment in question here did not adjudge the present payment of any sum of money to the mother. It adjudged generally that the father pay $11.25 costs of the action, but it does not appear, either by the judgment, or by any evidence in the case, that the mother of the child was entitled to recover these costs. Further, it is adjudged that he pay to the mother $100 per year from the date of the judgment until the child should become thirteen years of age, manifestly for the support of the child. There is no direction that such sums for support shall be paid in advance, and hence they cannot be held to become due until they have been earned, namely, at the end of each year's support. So the only sum adjudged to be presently paid by the judgment, for which it could be legally docketed, is the sum of $11.25 costs; and it does not appear that this sum was payable to the intervener.

The necessary conclusion is that the judgment below is right.

*By the Court.*—Judgment affirmed.