GOYKE, Plaintiff in error, vs. THE STATE, Defendant in
error.

*October 3—October 20, 1908.*

*Bastardy: Nature of proceedings: Jurisdiction: Circuit and municipal
courts in Winnebago county: Change of venue.*

1. A bastardy proceeding, though purely statutory and strictly
   neither a criminal nor a civil action, has characteristics of both
   and is comprehended within the term "matters civil and crim-
   inal" as used in sec. 8, art. VII, Const., giving to the circuit
   courts original jurisdiction in all such matters not prohibited
   by law.
2. A bastardy proceeding is not a criminal action within the mean-
   ing of that term as used in ch. 24, Laws of 1895, creating the
   municipal court of the city of Oshkosh and county of Winne-
   bago.
3. Ch. 24, Laws of 1895, confers exclusive jurisdiction of bastardy
   proceedings upon the municipal court of the city of Oshkosh
   and county of Winnebago, and by implication prohibits the ex-

ercise of original jurisdiction in such matters by the circuit court for Winnebago county.

4. The right to a change of the place of trial from one court to another is statutory and can be enjoyed only as prescribed by the written law.

5. Ch. 24, Laws of 1895, provides for a change of venue from the municipal court of the city of Oshkosh and county of Winnebago in criminal cases only; and a change of venue from that court in a bastardy case cannot confer jurisdiction upon the circuit court for Winnebago county, even though the change is made upon the application of the accused and he thereafter submits without objection to trial in the circuit court.

6. Where a court does not have jurisdiction of the subject matter of an action, mere submission thereto does not confer such jurisdiction, and if the court proceeds to trial and judgment the judgment is void.

TIMLIN and BARNES, JJ., dissent.

ERROR to review a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

The action was against the plaintiff in error on the charge of his being the father of a bastard child. It was commenced in the municipal court of the city of Oshkosh and county of Winnebago. A motion was made therein before a jury was called for the trial for a change of the place thereof to the circuit court for Winnebago county; such motion being based upon affidavit of the accused that he believed he could not obtain a fair and impartial trial in said municipal court. The motion was granted. The cause was tried in said circuit court, resulting in a verdict of guilty. Thereupon a motion was made in arrest of judgment upon the ground that the court had no jurisdiction of the subject matter and no judgment could lawfully be rendered therein against the accused. The motion was denied. Final judgment was thereupon rendered against the accused.

For the plaintiff in error there was a brief by *Earl P. Finch,* attorney, and *Wilbur E. Hurlbut,* of counsel, and oral argument by *Mr. Hurlbut.*

For the defendant in error the cause was submitted on the ·

brief of the *Attorney General, J. E. Messerschmidt,* assistant
attorney general, and *W. J. Foulkes,* district attorney.

MARSHALL, J.    The municipal court of the city of Osh-
kosh and county of Winnebago was created by ch. 24, Laws
of 1895.    The act treated criminal cases as not including
bastardy proceedings, which was in strict conformity to the
decisions of this court.    *State v. Mushied,* 12 Wis. 561;
*State v. Jager,* 19 Wis. 235; *Baker v. State,* 65 Wis. 50, 26
N. W. 167; *Pierstoff v. Jorges,* 86 Wis. 128, 56 N. W. 735;
*Barry v. Niessen,* 114 Wis. 256, 90 N. W. 166; *Meyer v.
Meyer,* 123 Wis. 538, 102 N. W. 52.    Those cases are to
the effect that a bastardy proceeding is purely statutory and
not classible either with criminal or civil cases in the general
sense of those terms.    It has characteristics of both, and as to
such as are similar to those of criminal actions the rules and
practice therein are applicable, and as to such as are the
same or similar to those of civil actions the rules and prac-
tice therein are applicable.    Wherein it approaches nearer
to the one or to the other class is indicated in the decisions
and need not be particularly referred to here.    It is sufficient
for now that a bastardy proceeding is not a criminal action
within the meaning of that term as used in the law creating
the court in question.

The act of 1895 purported, by implication, to take away
from the circuit court for Winnebago county original juris-
diction of bastardy actions by conferring exclusive juris-
diction in that regard upon the new court.    The language
in respect to the matter is very plain.    There is no contro-
versy as to its import.    Therefore, we need not quote or dis-
cuss the provisions.

Sec. 8, art. VII, of the constitution provides that "the
circuit courts shall have original jurisdiction in all matters
civil and criminal within this state, not excepted in this con-
stitution, and not hereafter prohibited by law."    The act of

the legislature in creating the municipal court in question, within the meaning of the quoted language, was a prohibition by law of the exercise of original jurisdiction by the circuit court for Winnebago county in bastardy matters.

Notwithstanding language used in *Bookhout v. State,* 66 Wis. 415, 28 N. W. 179, it seems that while a bastardy proceeding is neither strictly a criminal nor a civil action it is comprehended in the combination of terms "civil and criminal" actions as used in the constitution, since only such actions are known to our system. Secs. 2594–2600, Stats. (1898). That case must be read as holding that jurisdiction to try this class of actions may be and was by the law of 1895 legitimately vested exclusively in the court created thereby.

It follows that unless there is some provision in the act of 1895, or some other written law authorizing jurisdiction in such cases as this to be acquired by the circuit court for Winnebago county by change of venue, it did not obtain any jurisdiction of the subject matter here involved by the proceedings resorted to for that purpose. The only written law referred to other than the act of 1895 is sec. 1533a, Stats. (1898). That deals with the subject of changing the venue in bastardy cases from one county to an adjoining county upon proof by affidavit that the accused cannot have a fair and impartial trial in the former. Obviously that does not satisfy this case. There was no such affidavit nor any such change of venue asked for or granted.

The act of 1895 provides for a change of venue in criminal cases only, plainly using the term in the same sense as in the preceding part of the law conferring jurisdiction in such cases, *i. e.* as the name of a class not including bastardy cases. As to such class a change is provided for upon "the affidavit of the accused that he believes he cannot obtain a fair and impartial trial in said municipal court." Such an affidavit was made in this case, but, obviously, from what has been said it was not legitimately used.

We have proceeded to this point upon the assumption that the right to a change of the place of trial from one court to another is statutory and can be enjoyed only as prescribed by the written law. The rule in that respect, we apprehend, is too familiar to require extended discussion. *Wheeler v. State,* 24 Wis. 52; *Montgomery v. Scott,* 32 Wis. 249; *State v. Rowan,* 35 Wis. 303; *Carpenter v. Shepardson,* 43 Wis. 406; *Garland v. McKittrick,* 52 Wis. 261, 9 N. W. 160; *Baker v. State,* 56 Wis. 568, 14 N. W. 718.

It might be thought that since the accused here applied for the change which was granted and appeared and submitted without objection to trial in the circuit court, he should be held to have waived the question now presented. That might be so if the circuit court had jurisdiction to try such cases and the court of first instance consented to part with its jurisdiction, so that the difficulty consisted only in failure to follow a statutory method of invoking the new jurisdiction, as was the case in *Carpenter v. Shepardson, supra,* and *Montgomery v. Scott, supra.*

When a court does not have jurisdiction of such subjects as the one involved in the action improperly brought before it, mere submission thereto does not confer jurisdiction of the subject matter, and if the court proceeds to trial and judgment the judgment is void. *Dykeman v. Budd,* 3 Wis. 640; *Foster v. Bacon,* 9 Wis. 345; *Hewitt v. Follett,* 51 Wis. 264, 8 N. W. 177; *Bullard v. Kuhl,* 54 Wis. 544, 11 N. W. 801; *Plano Mfg. Co. v. Rasey,* 69 Wis. 246, 34 N. W. 85. In *Dykeman v. Budd, supra,* and *Plano Mfg. Co. v. Rasey, supra,* the precise question discussed at this point was passed upon, it being held that where exclusive jurisdiction is in one court as to the trial of a particular class of actions another court cannot by consent of parties or in any manner acquire or legitimately exercise such jurisdiction.

The rule that the general jurisdiction of circuit courts is by implication "prohibited by law" within the meaning of the constitution, when jurisdiction has been in terms or by

necessary implication conferred upon some other court, is illustrated by *Meyer v. Garthwaite*, 92 Wis. 571, 66 N. W. 704, and *Burnham v. Norton*, 100 Wis. 8, 75 N. W. 304. It was there decided that the legislature by conferring jurisdiction as to the settlement of estates on county courts evinced a policy that matters appertaining thereto should be adjudicated in such courts, so far as an adequate remedy is there afforded, superseding the jurisdiction of circuit courts, and that in case of a circuit court exercising such jurisdiction it should be regarded as having committed jurisdictional error, not waivable by the parties and fatal to the result upon the case coming here for review, regardless of whether the question is raised by objection.

It follows from the foregoing that the judgment of the circuit court for Winnebago county must be reversed and the cause be remanded thereto, with directions to remit the record to the municipal court of the city of Oshkosh and county of Winnebago for further proceedings therein according to law.

*By the Court.*—So ordered.

TIMLIN, J. (*dissenting*). Statutes providing a proceeding for ascertaining the paternity of bastard children and compelling the father to support such children have been in force in this state since the creation of the state, and are collected, revised, and brought forward in ch. 64, Stats. (1898). Whatever steps of procedure therein are not explicitly covered by the statutes have been built up by the courts in the decision of particular cases, and in this way the proceeding has been judicially defined as not a criminal but a *quasi*-criminal prosecution. *Baker v. State*, 65 Wis. 50, 26 N. W. 167; *State v. Mushied*, 12 Wis. 561.

The instant case comes before this court by writ of error to the circuit court for Winnebago county, in which court the case was tried on its merits and defendant found guilty

and convicted.   The action was commenced in the municipal court of the city of Oshkosh and county of Winnebago on November 1, 1905, by the issue of a warrant. April 11, 1906, the defendant was in court and duly arraigned. He obtained a short adjournment, and on April 20, 1906, the case was called, testimony was taken on the part of the complainant, the defendant offered no evidence, and the accused was bound over by that court to the same court for trial as required by statute. Ch. 24, Laws of 1895. The trial was called on May 10, 1906, the defendant was arraigned and pleaded not guilty, and the remainder of the record before us is as follows:

"Defendant filed an affidavit for change of venue to circuit court, Winnebago county, Wisconsin. · Defendant filed written motion for change of venue to circuit court, Winnebago county, Wisconsin. Motion granted. Order for change of venue filed upon the affidavit of defendant, and upon motion of his attorney and upon all the records and files the court thereupon ordered that the venue of the cause be changed to the circuit court for Winnebago county, Wisconsin."

A copy of the affidavit annexed to the return from the municipal court to the circuit court states that the affidavit is made for the purpose of moving the court for an order changing the venue in said action to the circuit court for Winnebago county. Copy of the written motion referred to expressly requests a change of the venue to the circuit court for Winnebago county, and the order of the municipal judge is made on this affidavit and on this written motion. The case was then tried on its merits in the circuit court, to which it was thus removed by the accused, without motion to remand or other objection, and after verdict against him the accused brought this writ of error to the supreme court, averring that the circuit court for Winnebago county had no jurisdiction to entertain the cause which he himself brought there in the manner aforesaid.

The constitution of this state gives to the circuit courts of

this state "original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law." Sec. 8, art. VII. The jurisdiction of the circuit court over bastardy cases is neither excepted in the constitution nor prohibited by law. I can find nothing in ch. 24, Laws of 1895, which prohibits the exercise of this jurisdiction by the circuit court. The most that can fairly be said of this statute is that it prohibits the exercise in such cases by justices of the peace or court commissioners of the ordinary power to bind over for trial, and vests this kind of jurisdiction in the judge of the municipal court. It then requires this judge to certify and return—that is, to bind over for trial—the person accused of bastardy either to his own court or to another designated municipal court of the same county. There is nothing in the act stating expressly or by implication that this jurisdiction to hear and determine a bastardy case is exclusive or that the jurisdiction of the circuit court is taken away. There is merely no provision for binding over the accused to the circuit court, and another court designated to which the case shall be certified and returned. It has been held that the jurisdiction of circuit courts is not affected by a statute which confers jurisdiction upon other courts by requiring the accused to be bound over for trial to another court and contains no other language prohibiting the circuit court from trying the cause. See *State v. Grunke*, 88 Wis. 159, 59 N. W. 452, referring to sec. 2420, Stats. (1898) ; *Allen v. State*, 5 Wis. 329.

The act in question provides that the municipal court may exercise power and jurisdiction equal and concurrent with the circuit court for Winnebago county in all cases of crimes and misdemeanors arising in said county except murder, and except where the person accused shall demand in writing to be tried in the circuit court. It also vests in the municipal court all the powers and jurisdiction of justices of the peace in criminal actions and proceedings and in civil actions and

proceedings. I cannot think that a mere provision of statute that a person accused of bastardy shall be bound over to a municipal court prohibits the circuit court from exercising jurisdiction or takes away its jurisdiction of that subject matter. The situation here presented is that of one expressly and voluntarily removing his cause for trial into a court of general jurisdiction, but removing it into that court by a procedure not authorized by statute, then trying it on its merits in the court in which he has so removed it, and afterward objecting that that court has not jurisdiction. I think this should not be permitted, and I regret that a rule of procedure contrary to ethics, and as I believe contrary to law, should receive the sanction of this court. No legislative body would establish such a rule. The immorality of the rule would there be sufficient to defeat it. Courts are led to sanction such unjust rules by imagining themselves bound and controlled by a sort of verbal logic derived from former sayings of that court. This self-inflicted spell would be amusing were its consequences not so serious.

It is true that consent cannot confer jurisdiction of the subject matter. But this is not such a case. The circuit court for Winnebago county had jurisdiction of the subject matter. It could at least hear and determine bastardy cases which might have been brought to it by change of venue from another circuit court of this state. It had jurisdiction over the subject. It had the power to hear and determine any bastardy case, provided it was properly brought before the court. The defect here complained of was one of procedure, in that the judge of the municipal court, upon the affidavit and request of the accused, transmitted the cause for trial to the circuit court for Winnebago county, when he perhaps should have either refused to transmit the case at all or transmitted it to the municipal court of Neenah and Menasha in the same county. The case was therefore brought to the circuit court and tried there by consent of and at the request

of the accused. This should conclude him from attacking the judgment of that court for want of jurisdiction.

There is a rule which commends itself to me as sound, which was applied by Judge BREWER in *Shuster v. Finan,* 19 Kan. 114, to the effect that, where one brings in an unauthorized manner a cause before a court of general jurisdiction, this is a consent which waives all objection. Or, to quote the words of ELLIOTT, C. J., in *Tucker v. Sellers,* 130 Ind. 514, 30 N. E. 531: "Jurisdiction of a particular instance falling within the scope of the general subject may be given by consent, either express or implied." Other instances could no doubt be found.

The following opinion was filed November 10, 1908:

BARNES, J. (*dissenting*). Mankind is sometimes prone to emphasize the correctness of conclusions reached after much doubt and hesitation by the use of positive and often extravagant language.

It seems to be conceded in the opinion of the court that under the authority of *Carpenter v. Shepardson,* 43 Wis. 406, and *Montgomery v. Scott,* 32 Wis. 249, the circuit court obtained jurisdiction of the person of the defendant by reason of his filing an affidavit in the municipal court stating that he could not have a fair trial therein and demanding that his cause be sent to the circuit court for trial, and by virtue of his appearing in the latter court without objection and defending his cause therein. The doctrine of these cases is amplified and supplemented by *Rindskopf v. State,* 34 Wis. 217; *Jerdee v. State,* 36 Wis. 170; *State v. Homey,* 44 Wis. 615; *Baker v. State,* 56 Wis. 568, 14 N. W. 718; and by sec. 2643, Stats. (1898), providing for voluntary appearance in civil actions.

But the judgment is reversed because the circuit court had no jurisdiction of the subject matter of the action. If it·is

a fact that there was a lack of jurisdiction in the trial court, its proceedings were *coram non judice,* and the conclusion of this court is manifestly correct, although it appears that the defendant has had a fair trial, not a single exception or objection being called to our attention aside from the jurisdictional question. It is urged that the circuit court was by implication deprived of jurisdiction to try bastardy actions because exclusive jurisdiction of such actions was conferred upon the municipal court created by ch. 24, Laws of 1895, and it is said that: "The language in respect to the matter is very plain. There is no controversy as to its import. Therefore we need not quote or discuss the provisions." In support of the conclusion that the circuit court was deprived of jurisdiction by ch. 24, Laws of 1895, *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704, and *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304, are cited.

I think it is far from being plain that exclusive jurisdiction, or in fact any jurisdiction at all, in bastardy actions, is conferred on the municipal court. There is not a word in the act directly conferring such jurisdiction. It is only by a somewhat far-fetched implication that it is conferred at all. The act provides that the preliminary examinations held by the examining magistrates shall be certified and returned either to said municipal court or to the municipal court of Neenah and Menasha. The act is silent as to what shall be done when the examinations are so certified. It does not say that the municipal court shall try such actions. It would seem that, as to an inferior court created by statute and dependent upon statute law for its powers, the language of the act defining its powers should define them with accuracy and certainty, rather than that they should be supplied by doubtful implication. It is probably true that the legislature intended that this court should have jurisdiction to try bastardy actions, but it has not said so. There is no express provision in the statute under discussion which deprives the

circuit court of its general jurisdiction to try bastardy actions that are properly before it. There is no language therein from which a withdrawal of such jurisdiction can be inferred, except the provision to the effect that preliminary examinations shall be certified and returned to one of the two municipal courts of the county. In the present case two implications must necessarily be drawn to deprive the circuit court of jurisdiction: one that the legislature intended to confer jurisdiction in such cases upon the municipal court, and the other that it intended to deprive the circuit court of any jurisdiction over them.

In support of the view that the circuit court has been deprived of jurisdiction, it is said that general jurisdiction was conferred on county courts over matters within the jurisdiction of the circuit courts before county courts were created; that the law creating county courts did not, by its express provisions, deprive the circuit courts of their former jurisdiction, but that such law in effect and by implication made the jurisdiction of the county courts exclusive. The cases of *Meyer v. Garthwaite*, 92 Wis. 571, 66 N. W. 704, and *Burnham v. Norton*, 100 Wis. 8, 75 N. W. 304, are cited in support of this view. The comparison is apt and appropriate, but I do not think the decided cases sustain the view adopted by the court. In *Meyer v. Garthwaite* the court said:

"It seems to be settled in this state that the circuit court, as a court of equity, has a general, original jurisdiction over matters arising in the administration of estates concurrent with the county courts. 1 Pom. Eq. Jur. §§ 346–351; *Glascott v. Warner*, 20 Wis. 654; *Tryon v. Farnsworth*, 30 Wis. 577; *Brook v. Chappell*, 34 Wis. 405; *Catlin v. Wheeler*, 49 Wis. 507, 520, 5 N. W. 935. Yet that jurisdiction is practically suspended to this extent: that the circuit court will decline to take jurisdiction over such matters unless such special facts appear as show that a complete and adequate remedy cannot be given by the county court."

In *Burnham v. Norton* the court said:

"It is too well settled to require discussion here that circuit courts, by virtue of their general equity powers, with some exceptions, have original jurisdiction concurrent with county courts over matters pertaining to the settlement of the estates of deceased persons (*Tryon v. Farnsworth,* 30 Wis. 577), though, where such concurrence exists, generally speaking, that of the county courts is held to supersede that of the circuit courts, so that the latter should decline to exercise such jurisdiction in the absence of special facts or circumstances rendering the power of the county courts not sufficiently broad and comprehensive to furnish as complete and sufficient a remedy as that to be found in the circuit courts."

These cases do not show any lack of jurisdiction in the circuit courts. On the contrary, they show that they have jurisdiction, but jurisdiction they should ordinarily refuse to exercise. They are in harmony with *Catlin v. Wheeler,* 49 Wis. 507, 520, 5 N. W. 935, in which it is said:

"It has already been decided by this court that county courts have jurisdiction in such matters concurrent with the circuit court, or court of chancery proper, by force of the statute; but it will require the *strongest, clearest,* and *most unequivocal language* of the statute *to make such a jurisdiction* of the county courts in probate *exclusive,* and no such language is found in the present statute."

The cases of *Glascott v. Warner,* 20 Wis. 654; *Brook v. Chappell,* 34 Wis. 405; and *Catlin v. Wheeler, supra,* all hold that the statute conferring certain powers on county courts theretofore exercised by the circuit courts did not deprive the circuit courts of any jurisdiction, in the absence of language expressly taking away such jurisdiction. The assumption that such courts could be deprived of jurisdiction by a mere implication that might be drawn was repudiated.

There is no warrant for saying that jurisdiction in probate matters is still vested in the circuit courts but the right to exercise it has been taken away. This is equivalent to say-

ing that these courts have been deprived of jurisdiction. The statutes do not provide for suspended animation. The learned judge who wrote *Burnham v. Norton* has too much respect for precedent to desire to overrule the numerous prior decisions of this court, not only holding that circuit courts had concurrent jurisdiction with county courts, but also holding that they had the right to exercise such jurisdiction if they saw fit.

Applying to ch. 24, Laws of 1895, the same construction which the court has uniformly applied to the acts conferring jurisdiction on county courts, and assuming that the municipal court of Winnebago county had jurisdiction to try bastardy cases, I think the circuit court had concurrent jurisdiction of the subject matter of the case under consideration, as well as of the person.

The bastardy act, being in derogation of the common law, was treated by the courts after its adoption as though it were an encroachment upon the prerogatives of certain male members of the human family. Paternity had to be proved beyond a reasonable doubt, although the action was in no sense criminal. A discharge by one magistrate after examination was held to be a final adjudication, so that there could be no other examination. *State ex rel. Dilworth v. Braun,* 31 Wis. . 600. In this particular the rule adopted was more strict than that applicable to examinations in criminal cases. When we take into account the fact that the only purpose of such a proceeding is to compel the putative father of illegitimate offspring to help contribute to the support of his child, so that it may not become a public charge, no good reason is apparent why a defendant should be fenced around with technical rules calculated to defeat the ends of justice. He is entitled to a fair trial. The defendant here admittedly has had such a trial in a forum of his own choosing; and I think the judgment should be affirmed.