Smith, Plaintiff in error, vs. The State, Defendant in error.

*March 17—April 5, 1911.*

*Bastardy: Prosecution by private attorney: Statute construed.*

A bastardy proceeding under our statutes, being designed primarily for the benefit of the mother and being essentially civil in the remedy sought and the liability enforced, may be prosecuted by private counsel. Sec. 1533*m*, Stats. (Laws of 1907, ch. 648), making it the duty of the district attorney to appear and prosecute, does not by implication exclude private attorneys from prosecuting.

Error to review a judgment of the circuit court for Brown county: S. D. Hastings, Circuit Judge. *Affirmed.*

For the plaintiff in error the cause was submitted on the brief of *M. E. Davis.*

For the defendant in error there was a brief by the *Attorney General* and *Sheridan, Evans & Merrill,* and oral argument by *P. H. Sheridan.*

Vinje, J. The sole question presented by this appeal is, Can private counsel lawfully prosecute in a bastardy proceeding? It is conceded by counsel for plaintiff in error that previous to the enactment of sec. 1533*m*, Stats. (Laws of 1907, ch. 648), they could do so, but it is claimed that since its enactment only the district attorney has such right. The section reads: "It shall be the duty of the district attorney to appear and prosecute in all bastardy proceedings in the trial court, . . ." and it is argued that this law, placing the duty upon the district attorney to prosecute, by implication excludes a private attorney from performing the duty; and that either the complaining witness or the defendant may insist upon the statute being complied with. It is further urged that while a bastardy proceeding is not a criminal action, yet it subjects the defendant to great humiliation and disgrace, and sound public policy dictates that the prosecution should

be placed in the hands of a disinterested prosecutor and not in the hands of private counsel who may be, indirectly, pecuniarily interested in the result, and that the statute was passed to accomplish such a purpose.

The answer to the question presented for determination will depend upon the nature and object of a bastardy proceeding and who is primarily interested in the result of the action. If the proceeding be one in which the defendant is sought to be punished for a wrong done to society or the state, then there is great force in the argument that the state alone should prosecute. *Biemel v. State,* 71 Wis. 444, 37 N. W. 244; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 221, 85 N. W. 1046. A bastardy proceeding has been held to be neither a civil nor a criminal action, but one depending wholly upon the terms of the statute authorizing it for the relief that may be afforded thereby. *State v. Mushied,* 12 Wis. 561; *State v. Jager,* 19 Wis. 235; *Baker v. State,* 56 Wis. 568, 14 N. W. 718; *Meyer v. Meyer,* 123 Wis. 538, 102 N. W. 52. The latter case held it was designed primarily to enable the injured female to recover compensation from the person who has, in the eye of the law, inflicted an injury upon her with consequent damages. It has also been held that when instituted by the mother it is a proceeding for her benefit and protection to enforce the father's natural obligation to support his child. *Baker v. State, supra; Barry v. Niessen,* 114 Wis. 256, 90 N. W. 166. So we see that whether the defendant's liability is founded upon a tort or upon a natural obligation, irrespective of blame, it is a liability primarily to the mother and the remedy is given for her benefit. True, the state is remotely interested, for if the father does not furnish support it may be called upon to do so. But its contingent claim upon defendant is purely a pecuniary one and has naught to do with the violation of any criminal statute. A defendant may be adjudged guilty in a bastardy proceeding and also in a prosecution for fornica-

tion, or whatever statutory offense he may have been guilty of when the child was begotten, but they are two separate and distinct actions founded upon distinct grounds of liability. In the one the mother is primarily interested, the state only remotely, and both interests are wholly pecuniary. In the other the state alone is interested, but not in a pecuniary sense. It is enforcing its criminal laws on the ground of public policy. In view of the considerations as to the nature and object of a bastardy proceeding, we reach the conclusion that sec. 1533*m* was designed to provide counsel at the expense of the state for every mother who desired to avail herself of its provisions; but she is not limited to the services of the district attorney. If she prefers to engage counsel at her own expense she may do so, as the action is primarily for her benefit and essentially civil in the liability enforced and remedy sought. *State ex rel. Durner v. Huegin,* 110 Wis. 189, 221, 85 N. W. 1046. The object of the statute was not to place the prosecution of such actions in the hands of a disinterested counsel for the benefit of defendant or on grounds of public policy. There is no more reason why the prosecution of such an action, seeking merely a money judgment, should be solely in the hands of the district attorney than that of many other civil actions, such as assault and battery, libel, slander, seduction, and criminal conversation. In such actions an adverse judgment would in most instances subject the defendant to great disgrace and humiliation—at least it ought to do so; and the pecuniary interest of plaintiff's attorney in such actions may well be co-extensive with his interest in a bastardy proceeding. It follows that the trial court did not err in permitting private counsel to prosecute the case.

*By the Court.*—Judgment affirmed.